# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3505

_____

| | |
|---|---|
| Pratap Sakhahari Bhosale and Asha Bhosale, | * * * |
| Petitioners, | * |
| | * Petition for Review of an Order of the |
| v. | * Board of Immigration Appeals. |
| | * |
| Michael B. Mukasey, Attorney General of the United States, | * * |
| | * |
| Respondent. | * |

_____

Submitted: November 13, 2008
Filed: December 15, 2008

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Pratap Sakhahari Bhosale and Asha Bhosale, a married couple, appeal an order of the Board of Immigration Appeals. Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition for review.

The Bhosales, citizens of India, entered the United States in 1991. They applied for asylum in 1993, citing Pratap's membership in the Rashtriya Swayamsevak Sangh, a group India briefly banned in 1992. The application stated that Indian authorities

had never arrested or mistreated any member of the Bhosale family. Immigration authorities took no action on this application.

The Department of Homeland Security placed the Bhosales in removal proceedings in 2004. They filed a renewed application, seeking asylum, withholding of removal, and protection under the Convention Against Torture or, in the alternative, voluntary departure.

The 1993 and 2004 applications differed. The second application stated that Pratap was active in the Save Kashmir Committee (SKC) in the late 1980s. According to this application, Indian police arrested Pratap in 1990 at an SKC rally, beat him for ten minutes, and detained him for several hours. Thereafter, police allegedly threatened and detained him regularly. The application further claimed that an Indian gangster threatened Pratap several times in 1990 and 1991, and had his gang beat Pratap.

An Immigration Judge denied the petition but granted voluntary departure.[1] The IJ expressed "some concerns" about Pratap's credibility, noting that the first application did not mention the SKC, any arrest, or beatings. Evidence at the hearing indicates that police arrested Pratap for violating an Indian law against effigy burning. The IJ concluded that Pratap's testimony was "not . . . entirely credible," and found that, even if the testimony were fully credited, the arrest, beating, and gangster threats did not establish past persecution.

The IJ also found no well-founded fear of future persecution. Citing a State Department Report on India, a democracy with an independent judiciary, the IJ indicated that the government generally respects human rights. The IJ noted that the SKC supported India's presence in Kashmir. The IJ further found that, even if Pratap

---

[1]At the time of the IJ's decision, the Bhosales' application included claims on behalf of their two children. The children's claims are not part of this appeal.

were completely credible, the Bhosales could safely relocate within India, if necessary.

The Board of Immigration Appeals adopted and affirmed the IJ's decision. The BIA stated that the IJ found that Pratap "was not credible with regard to establishing he had been subject to past persecution or had a reasonable fear of harm in the future." The BIA also held that, even if Pratap's testimony were credible, the application did not warrant the desired relief.

The Bhosales challenge the credibility finding and the denial of their asylum, withholding-of-removal, and Convention Against Torture claims.

"Administrative findings of fact, including findings on credibility, are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Ezeagwu v. Mukasey*, 537 F.3d 836, 839 (8th Cir. 2008), *quoting* **8 U.S.C. § 1252(b)(4)(B)**. This court reviews questions of law de novo. *Gumaneh v. Mukasey*, 535 F.3d 785, 788 (8th Cir. 2008). When the BIA adopts and affirms an IJ's decision, but adds reasoning of its own, this court reviews both decisions together. *Id.* at 787.

The Bhosales challenge the BIA's credibility ruling in two ways. First, they argue that the BIA misconstrued the IJ's credibility finding, which, according to them, was not actually adverse. The IJ expressed concerns about the credibility of Pratap's SKC testimony. The BIA stated that the IJ expressed concerns about the credibility of Pratap's claim of past persecution. Since the past persecution claim rests primarily on Pratap's SKC testimony, there is no meaningful difference between these findings.

Second, the Bhosales contend that the record fails to support the credibility finding. They assert that the second application adds information and is consistent with the first. The first application states that Indian authorities never arrested or

mistreated Pratap.  The second application states that Indian police arrested and mistreated Pratap.  The central claim of the second application is inconsistent with the first.  Even if it were possible to interpret this evidence differently, however, "this court is not at liberty to reweigh the evidence." *Eta-Ndu v. Gonzales*, 411 F.3d 977, 982 (8th Cir. 2005) (quotations and citations omitted).  If substantial evidence supports the BIA's credibility finding, as it does here, this court must affirm.

The Bhosales next challenge the denial of asylum.  The BIA affirmed and adopted the IJ's finding that the petition did not establish past persecution or a risk of future persecution.  "We review the denial of asylum under the deferential substantial evidence standard and uphold the agency unless the evidence was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Alanwoko v. Mukasey*, 538 F.3d 908, 912 (8th Cir. 2008) (quotations and citations omitted).

A "refugee" may be granted asylum.  **8 U.S.C. § 1158(b)(1)**.  A "refugee" is "any person who is outside any country of such person's nationality . . . who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . ." *Id.* **§ 1101(a)(42)**.  "To establish a well-founded fear of persecution, the applicant must demonstrate the fear is both subjectively genuine and objectively reasonable." *Eta-Ndu*, 411 F.3d at 983.

Substantial evidence supports the denial of asylum.  The BIA found Pratap's testimony, the primary basis of the petition, lacking in credibility.  Even if Pratap's testimony were fully credited, one ten-minute beating, a brief detention, isolated threats from a gangster, and occasional police harassment do not establish past persecution.  "It is a well-established principle that minor beatings and brief detentions, even detentions lasting two or three days, do not amount to [past] political

persecution, even if government officials are motivated by political animus." ***Eusebio v. Ashcroft***, 361 F.3d 1088, 1091 (8th Cir. 2004); ***Ngure v. Ashcroft***, 367 F.3d 975, 990 (8th Cir. 2004) ("minor beatings or brief detentions suffered in the wake of political demonstrations do not compel a finding of past persecution"). Nor does Pratap face a risk of future persecution. As the IJ found, India is a large country, and Pratap could safely relocate within the country, if necessary.

The withholding-of-removal and CAT claims also fail. Withholding of removal is warranted if the Bhosales show, by a clear probability, that their lives or freedom would be threatened if returned to India — an "even higher standard" than that governing asylum claims. ***Alanwoko***, 538 F.3d at 911-12. To receive relief under the Convention Against Torture, a petitioner must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." ***Cooke v. Mukasey***, 538 F.3d 899, 908 (8th Cir. 2008), *quoting* **8 C.F.R. § 208.16(c)(2)**. As the Bhosales "presented the same factual basis for all three claims and failed to meet the least demanding burden of proof for the asylum claim, their claims for withholding of removal and protection under the CAT likewise fail." ***Id.***

The petition for review is denied.

_____