# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2301

_____

Ndidi Nwanefuru Udogwu

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 19, 2013
Filed: March 1, 2013
[Unpublished]

_____

Before MURPHY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Nigerian citizen Ndidi Nwanefuru Udogwu petitions for review of an order of
the Board of Immigration Appeals (BIA), which upheld an immigration judge's

decision denying her asylum and withholding of removal.[1] She also moves to supplement the record, and we grant her motion.[2]

Udogwu was denied asylum based on the untimeliness of her application, and was denied withholding of removal based on the merit of her request. After careful review, we find no basis for granting the petition. First we conclude that we lack jurisdiction to review the BIA's determinations regarding the untimeliness of Udogwu's asylum application. See 8 U.S.C. § 1158(a)(3) (no court shall have jurisdiction to review any determination regarding untimeliness of asylum application); Gumaneh v. Mukasey, 535 F.3d 785, 788 (8th Cir. 2008) (court may not review finding that alien did not file for asylum within reasonable period of onset of extraordinary or changed circumstances). Second, we conclude that substantial evidence supported the denial of withholding of removal. See Wijono v. Gonzales, 439 F.3d 868, 872 (8th Cir. 2006) (denial of withholding of removal is upheld unless petitioner shows that evidence was so compelling that no reasonable fact finder could reach agency's decision).

In sum, we grant Udogwu's motion to supplement the record, and we deny the petition for review. See 8th Cir. R. 47B.

---

[1]Udogwu was also denied relief under the Convention Against Torture, but she does not address this claim in her brief. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (appellant waives claim that is not meaningfully raised in opening brief).

[2]The immigration judge took judicial notice of the 2009 Country Report on Human Rights Practices in Nigeria, but it was not included in the administrative record.