# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3084

_____

Vilma Amabilia Arevalo-Cortez

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: June 13, 2016
Filed: July 22, 2016

_____

Before RILEY, Chief Judge, MURPHY and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Vilma A. Arevalo-Cortez ("Arevalo"), a citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA's) decision affirming the immigration judge's (IJ's) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

## I.

Arevalo entered the United States in October 2014 without inspection. She was apprehended by border patrol officers and placed in removal proceedings. Once apprehended, Arevalo expressed fear of returning to Guatemala, and was given a credible fear interview with an Asylum Officer of the Department of Homeland Security. The officer found that Arevalo demonstrated a credible fear of persecution and referred her case to an IJ for further consideration. A Notice to Appear was filed, charging Arevalo with being removable as an immigrant who was present in the United States without admission or parole after inspection by an immigration officer, pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I).

On January 6, 2015, Arevalo appeared with counsel before an IJ in Fort Snelling, Minnesota, for a master calendar hearing. At the hearing, she admitted the factual allegations and conceded the charge of removability. Arevalo declined to designate a country of removal, so the government designated Guatemala. Arevalo indicated that she intended to seek asylum, withholding of removal, and protection under the CAT. At a subsequent hearing, Arevalo applied for the aforementioned relief and protection, and a merits hearing was set for April 21, 2015.

At the merits hearing, Arevalo testified that her live-in boyfriend in Guatemala, Jose Jorge Margarito Chan-Davila ("Chan"), a police officer, had been abusing her physically and psychologically, and that she feared that if she returned to Guatemala, he would harm her. She testified that the physical abuse had begun in January 2013, and continued until she departed, including grabbing her hair, beating her, kicking her, locking her in their home, and threatening to kill her. Arevalo also stated that she had tried to report the abuse to the police, but could not. She explained that she had spoken about the abuse with a neighbor, that she had seen a doctor on August 15, 2014 who prescribed medication for her abuse-caused injuries, and that she had received treatment from a midwife for her back injuries resulting from the abuse.

Arevalo also testified about her departure. She stated that on September 5, 2014, she finally decided to risk fleeing Guatemala because she believed that if she returned home, Chan would kill her. Once in the United States, she planned to stay with her uncle, a lawful permanent resident.

During the hearing, Arevalo stated that she was confident that her passport had expired in 2012, so she left it in Guatemala. She later said it expired in 2014. When presented with evidence that her passport expired in 2015, she stated that she did not remember when it had expired. Later in the hearing, Arevalo claimed to have lost her passport, and maintained that this was the reason she did not remember the date of expiration. She further testified that she had not previously attempted to come to the United States. When confronted with evidence that she had in fact applied for a visa in 2010, she explained that she had wanted to attend school in the United States with friends. The visa record indicated, however, that she had applied to visit her uncle. When presented with this information, Arevalo claimed to not remember applying.

Arevalo further presented three written witness statements to support her claims of abuse at the hands of Chan. The first was a statement prepared by a Guatemalan medical doctor stating that she treated Arevalo for injuries inflicted upon her by her partner. The second was a statement prepared by a midwife indicating that she treated Arevalo for her back injuries, and the third was a statement prepared by a neighbor stating that she witnessed Chan's physical abuse of Arevalo and that the abuse was the reason Arevalo fled Guatemala for the United States. Arevalo testified that, after she arrived in the United States, she asked family members in Guatemala to obtain written statements from these individuals and forward the same to Arevalo. However, the doctor's statement is dated August 15, 2014, the midwife's statement is dated August 20, 2014, and the neighbor's statement is dated May 15, 2014, all dates which significantly precede Arevalo's arrival in the United States in October, 2014.

The IJ rendered an oral decision finding Arevalo removable and denying her application for protection and relief. The IJ determined that Arevalo lacked credibility based upon the contradictions in her statements about her passport and past attempt to travel to the United States; the lack of evidence, or explanation for the lack of evidence, verifying her abuser's position as a police officer; and the suspect nature of the written statements. As to the written statements, the IJ concluded, based upon the text of the statements and Arevalo's testimony, that each statement had been written after Arevalo's arrival in the United States but was backdated in order to give the false impression that the statements were prepared prior to Arevalo's departure from Guatemala "in an attempt to corroborate the respondent's testimony."

Arevalo timely appealed to the BIA, arguing that the IJ had erred in finding her testimony not credible. Specifically, she argued that the IJ had mischaracterized her testimony regarding the written statements, relied on immaterial passport information, and failed to take into account that Arevalo did not consider her application as an attempt to enter the United States. The BIA found that the IJ did not clearly err in its findings of fact and provided cogent reasons for the IJ's credibility determination, despite Arevalo's arguments. Absent credible testimony, the BIA concluded that Arevalo could not establish her eligibility for asylum and withholding of removal, nor that she was more likely than not to be tortured "at the instigation of or with the acquiescence of a public official or other person acting in an official capacity" upon return to Guatemala. See 8 C.F.R. § 1208.16.

II.

Arevalo argues that the IJ and BIA erred and asks for remand to the IJ, so that the IJ can consider the merits of her claim for asylum, withholding of removal, and withholding of removal under the CAT. To obtain asylum, Arevalo must establish that she is a "refugee" as defined by 8 U.S.C. § 1101(a)(42). To do this, she must show that she is "unable or unwilling to return to her home country because of past

persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or a political opinion." Fesehaye v. Holder, 607 F.3d 523, 526 (8th Cir. 2010). The applicant "bears the burden of satisfying the IJ that her testimony is credible." Id. (quoting Averianova v. Mukasey, 509 F.3d 890, 895 (8th Cir. 2007)).

"Both immigration decisions will be reviewed together whenever the BIA adopts and affirms the IJ's decision, but also adds reasoning of its own." Fesehaye, 607 F.3d at 526 (internal citations omitted). We review administrative credibility determinations and findings of fact under a substantial evidence standard. Litvinov v. Holder, 605 F.3d 548, 554 (8th Cir. 2010). "Credibility findings in particular are entitled to much weight because the IJ sees the witness testify and is therefore in the best position to determine his or her credibility." Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006). However, "[a]dverse credibility determinations must be supported by specific, cogent reasons for disbelief." Nadeem v. Holder, 599 F.3d 869, 872 (8th Cir. 2010). Accordingly, the IJ must provide reasons specific enough to permit the reviewing court to understand the rationale behind the decision. Id. Specific, cogent reasons can include the applicant's submission of fraudulent documents or failure to provide convincing explanations for numerous inconsistencies in testimony. See id. at 873; Litvinov, 605 F.3d at 555; Falaja v. Gonzales, 418 F.3d 889, 896-97 (8th Cir. 2005). "The agency's adverse credibility finding, like other factual determinations, is 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Zine v. Mukasey, 517 F.3d 535, 541 (8th Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)). Thus, even where the applicant provides a plausible explanation for any inconsistencies, it does not mean the IJ committed error in rejecting them. See Fesehaye, 607 F.3d at 527.

Arevalo contests the BIA's affirmance of the IJ's credibility determination by offering plausible alternate explanations for the IJ's concerns regarding the three written statements. For instance, Arevalo argues that the IJ misunderstood Arevalo's

testimony in concluding that the doctor's statement was written after the date included in the statement, August 15, 2014. She also contends that the dates predating Arevalo's departure from Guatemala written on the neighbor's statement and midwife's statement, both of which were in fact written at Arevalo's request after she had left Guatemala, were not intended to mislead the IJ. This explanation is plausible. However, it does not mean that the IJ erred in reaching a different conclusion. See Fesehaye, 607 F.3d at 527.

Arevalo provides explanations for inconsistencies in her testimony identified by the IJ as well. Arevalo argues that the government's questions regarding her passport and past attempts to come to the United States were too broad to conclude that she was lying. Indeed, it is plausible that Arevalo did not consider applying for a visa to constitute an attempt to enter the United States. However, during her hearing, Arevalo stated that her passport expired in 2012, then, when pressed on the matter, 2014; she claimed to have left her passport in Guatemala because it was expired and also, finally, to have lost it. When asked about her application for a visa, she said it was to study, but when confronted with the fact that it stated she sought to visit her uncle, she said she did not remember making the application. Even in light of Arevalo's explanations, based on the specific, cogent reasons identified by the IJ, a reasonable adjudicator could reach the same credibility determination as the IJ and BIA. See Zine, 517 F.3d at 541. Thus, substantial evidence supports the denial of asylum. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-18 (8th Cir. 2004).

Arevalo's withholding of removal and CAT claims also fail. To obtain withholding of removal, Arevalo must meet the higher standard of showing by a clear probability that her life or freedom would be threatened if returned to her home country. See Bhosale v. Mukasey, 549 F.3d 732, 736 (8th Cir. 2008). To receive relief under CAT, she would need to show "that it is more likely than not that [she] would be tortured if removed to the proposed country of removal." Id. (quoting 8 C.F.R. § 208.16(c)(2)). Because Arevalo provided the same evidence to support all

three claims, and the evidence was insufficient to meet even the burden of proof required for asylum, her remaining claims also fail.  See id.

## III.

Based on BIA's affirmance of the IJ's reasonable credibility determination, we find that Arevalo failed to satisfy her burden of proof for relief or protection.  We deny her petition for review.

———————————————