# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2456
_____

Juana Marina Mendoza-Zacarias

*Petitioner*

v.

Monty Wilkinson, Acting Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 3, 2020
Filed: March 8, 2021
[Unpublished]

_____

Before GRASZ, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

---

[1]Monty Wilkinson is serving as Acting Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Guatemalan native and citizen Juana Mendoza-Zacarias petitions for review of a Board of Immigration Appeals (BIA) order dismissing her appeal from an immigration judge's decision denying her asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Initially, we find that the IJ properly exercised jurisdiction over Mendoza-Zacarias's application, because while she was an unaccompanied alien child (UAC) when she entered the United States, by the time she filed her I-589 application she had turned 18, and thus was no longer a UAC. See Harmon v. Holder, 758 F.3d 728, 733-35 (6th Cir. 2014) (discussing initial-jurisdiction provision under Trafficking Victims Protection Authorization Act).[2]

Upon careful consideration of the record, we find that Mendoza-Zacarias has not demonstrated that the evidence was so compelling that no reasonable factfinder could fail to find in her favor. See Chen v. Mukasey, 510 F.3d 797, 800 (8th Cir. 2007) (standard of review). Specifically, the events she described did not amount to past persecution, see Shoaira v. Ashcroft, 377 F.3d 837, 844 (8th Cir. 2004) (persecution is extreme concept, including infliction or threat of death, torture or injury to one's person or freedom; low-level intimidation or harassment does not rise to level of persecution); see also Al Yatim v. Mukasey, 531 F.3d 584, 588-89 (8th Cir. 2008) (difficulties from generalized crime typically do not qualify as persecution); and she relied on the same incidents to claim she feared future persecution, see Cano v. Barr, 956 F.3d 1034, 1040 (8th Cir. 2020) (just as reasons were insufficient to show past persecution, they were insufficient to show well-founded fear of future persecution). Further, she merely speculated, without offering any evidence, that there was a nexus between the described incidents and her indigenous ancestry. See Perez-Rodriguez v. Barr, 951 F.3d 972, 974 (8th Cir. 2020) (to qualify for asylum, petitioner must show that protected ground was, or will be, at

---

[2]We do not address the other jurisdictional challenge Mendoza-Zacarias raises, as it was not administratively exhausted. See Juarez Chilel v. Holder, 779 F.3d 850, 855 (8th Cir. 2015) (failure to raise issue before agency constitutes failure to exhaust administrative remedies and deprives this court of jurisdiction to consider it).

least one central reason for persecuting her).  Because she did not satisfy her burden of proof for asylum, she necessarily failed to satisfy the more rigorous standard for withholding of removal.  See Al Tawm v. Ashcroft, 363 F.3d 740, 744 (8th Cir. 2004) (recognizing more rigorous standard).  Finally, because she relied on the same evidence for her asylum, withholding-of-removal, and CAT claims, her CAT claim also failed.  See Arevalo-Cortez v. Lynch, 829 F.3d 1022, 1027 (8th Cir. 2016) (to receive CAT relief, Guatemalan petitioner had to show that it was more likely than not she would be tortured if removed to Guatemala).  The petition for review is denied.

_____