# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1655

_____

Aung Si Thu,                                    *
                                                *
            Petitioner,                         *
                                                *   Petition for Review of
      v.                                        *   an Order of the Board
                                                *   of Immigration Appeals.
Eric H. Holder, Jr., Attorney General           *
of the United States,                           *
                                                *
            Respondent.                         *

_____

Submitted:  December 17, 2009
Filed:  March 9, 2010

_____

Before WOLLMAN, RILEY, and MELLOY, Circuit Judges.

_____

RILEY, Circuit Judge.

Aung Si Thu (Thu), a native and citizen of Burma, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing the appeal of the immigration judge's (IJ) denial of Thu's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Thu argues (1) the IJ erred in denying his application based on an adverse credibility determination, and (2) the BIA erred in denying Thu's motion to supplement the record with additional evidence. We deny Thu's petition.

## I.    BACKGROUND

Thu was born in 1976, in Rangoon, Burma.  His father is of Bamar ethnicity, and his mother is of Rakhine ethnicity.  Thu suggests his application to a medical school in Rangoon was denied because of his mother's ethnicity.  Thu attended a Burmese university and studied first geology and then physics from April 1994 through December 1996.  A student demonstration against the government erupted in December 1996.  Thu claims he was arrested for participating in the demonstration and placed in a detention center.  Thu reported military police interrogated him, several times forced him to put his legs in ice water for more than an hour at a time, sometimes subjected him to electric shocks, and made him kneel on shredded rock for long periods of time, resulting in scars on both knees.  Thu asserts he was released from the detention center in December 1997, after signing a document which stated that if Thu participated in future political activities, he and his parents would be arrested and his parents would lose their jobs.

Thu came to the United States in August 2001 on an F-1 student visa to study at Bemidji State University in Minnesota.  He graduated in December 2004 and began optional practical training at Walmart in Bemidji.[1]  Thu filed for asylum in November 2005.  After filing for asylum, Thu moved to Minneapolis and became involved in the United States Campaign for Burma.  Thu participated in a videotaped demonstration and appeared in a newspaper photograph which was sent to Burma, and he signed a petition to the Burmese government requesting the release of political prisoners.  Thu claims, while he was in the United States, police went to his parents' house in Burma to inquire about Thu's whereabouts.

On December 16, 2005, an asylum officer interviewed Thu. The asylum officer found Thu's testimony incredible because there were material inconsistencies within

---

[1]See 8 C.F.R. § 214.2(f)(10) ("Practical training may be authorized to an F-1 student who has been lawfully enrolled on a full time basis, in a Service-approved college, university, conservatory, or seminary for one full academic year.").

Thu's testimony, and between Thu's testimony and other evidence in the record. Specifically, the asylum officer noted Thu testified he was of Rakhine ethnicity, but he listed his ethnicity as Burmese on his asylum application, and his ethnicity was listed as Bamar on his national identity card. The asylum officer also pointed out, in Thu's asylum application, Thu claimed he had actively participated in a student group in Burma and he was a current member of the group. However, during the interview, Thu declared he was not actually a member of the student group, rather, Thu explained, he meant to say he was a member of the student body. Based on these inconsistencies, the asylum officer found Thu was not eligible for asylum.

Thu conceded removability. The IJ held hearings on Thu's application on March 15, 2006, October 30, 2006, and January 30, 2007. After hearing Thu's testimony and considering the evidence, the IJ found Thu removable and denied his applications for asylum, withholding of removal, and CAT protection. The IJ found "there are very serious issues of credibility." First, the IJ observed Thu claimed he had been detained for an entire year in Burma from December 1996 through December 1997; yet, the Burmese government issued Thu a passport on June 26, 1997. The IJ found it difficult to believe the government would issue a passport to a political detainee when, according to the State Department, the government "was very rigorous in enforcing limits on travel by those who were viewed as political opponents of the government." The IJ further noted Thu's passport received an additional stamp on September 8, 1997, which permitted travel to Thailand, Malaysia, and Singapore. The IJ also referenced the fact that Thu was able to obtain an addendum to his passport in May 2000, permitting travel to additional countries, and in August 2004, Thu was even able to obtain an extension of his passport from the Burmese Embassy in Washington, D.C. The IJ found the passport issuance and continued extensions, especially in light of the State Department's report, contradicted Thu's claims that the Burmese government perceived him as a political opponent.

The IJ also found Thu's claim of a one-year detention for participation in a student demonstration was at odds with State Department materials, which indicated Burma generally released students shortly after they were detained. The IJ noted Thu had never been a formal member of a student group in Burma and had only recently become involved with Burmese groups in the United States after he filed his application for asylum. Finally, the IJ recognized "[t]he lack of objective corroborating evidence," noting the only corroborating evidence in the record of Thu's detention were letters from Thu's parents and a friend. The IJ found Thu's story of a one-year detention incredible and held the adverse credibility determination was dispositive of Thu's asylum claim based on past persecution, and, because the IJ found Thu did not have a well-founded fear of future persecution, the IJ denied Thu's application for asylum and withholding of removal. The IJ also denied Thu's application for CAT protection based on the adverse credibility determination.

The BIA agreed with the IJ's adverse credibility determination and dismissed Thu's appeal of the denial of Thu's applications for asylum, withholding of removal, and CAT protection. Thu moved to supplement the record or, in the alternative, for a remand to the IJ to consider additional documents. The BIA denied the motion, finding the proffered documents did not specifically relate to Thu and would not have altered the IJ's determination.

## II.  DISCUSSION
### A.  Standard of Review

"We generally review the BIA's decision as the final agency action, but where 'the BIA essentially adopted the IJ's opinion while adding some of its own reasoning, we review both decisions.'" Alanwoko v. Mukasey, 538 F.3d 908, 912 (8th Cir. 2008) (quoting Osonowo v. Mukasey, 521 F.3d 922, 926 (8th Cir. 2008)). "We review the administrative findings of fact, including credibility determinations, under a substantial evidence standard." Manani v. Filip, 552 F.3d 894, 901 (8th Cir. 2009) (citation omitted). "These findings 'are conclusive unless any reasonable adjudicator

-4-

would be compelled to conclude to the contrary.'" Id. (quoting 8 U.S.C. § 1252(b)(4)(B)).

## B. Adverse Credibility Determination

Thu maintains the IJ erred in finding Thu's testimony was incredible and in relying on this adverse credibility determination to find Thu failed to establish his entitlement to asylum, withholding of removal, and CAT protection.

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor. . . .

8 U.S.C. § 1158(b)(1)(B)(iii). "This court defers to an immigration judge's credibility finding where the finding is supported by a specific, cogent reason for disbelief." Sow v. Mukasey, 546 F.3d 953, 956 (8th Cir. 2008) (quoting Perinpanathan v. INS, 310 F.3d 594, 597 (8th Cir. 2002)).

In this case, the IJ was particularly troubled by the apparent contradiction between Thu's alleged one-year detention and Thu's receipt of a passport and endorsements during the time he was allegedly incarcerated, especially in light of the State Department reports showing Burma restricted travel for political opponents. The IJ related other inconsistencies in Thu's testimony and asylum application, which collectively cast doubt on Thu's credibility and ultimately his claims, and Thu gave

unconvincing reasons for the discrepancies. We conclude the IJ's credibility finding was supported by specific, cogent reasons for disbelief, and we cannot say "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

### C. Asylum, Withholding of Removal, and CAT Protection

Thu next claims the IJ erred in denying his applications for asylum, withholding of removal, and CAT protection. To obtain asylum, Thu must either show he has suffered past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion or he has a well-founded fear of future persecution on the basis of one of these grounds. See 8 C.F.R. § 1208.13(b). If an applicant establishes past persecution, he is entitled to a rebuttable presumption of a well-founded fear of future persecution. See id. § 1208.13(b)(1). In the absence of past persecution, an applicant can demonstrate entitlement to asylum if he shows there is a reasonable possibility he will experience persecution upon removal. See id. § 1208.13(b)(2).

"The standard for withholding of removal is a clear probability of persecution." Guled v. Mukasey, 515 F.3d 872, 881 (8th Cir. 2008) (citation omitted). An alien may not be removed if he can show his life or freedom would be threatened upon removal because of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). An alien may demonstrate eligibility for withholding of removal by demonstrating he suffered past persecution on account of one of the five statutory grounds. See 8 C.F.R. § 1208.16(b)(1). An applicant who fails to demonstrate past persecution may be eligible for withholding of removal if he "can establish that it is more likely than not that he or she would be persecuted on account of" one of the five grounds upon removal. Id. § 1208.16(b)(2). A threat of future persecution can be established by demonstrating either an individualized risk or a pattern of persecution of similarly situated persons based on one of the five grounds. Id.

"An applicant seeking relief under the [CAT] bears the burden of establishing 'it is more likely than not that he . . . would be tortured if removed to the proposed country of removal.'" Guled, 515 F.3d at 881 (citing 8 C.F.R. § 1208.16(c)(2)). In making this assessment, the following should be considered:

(i)     Evidence of past torture inflicted upon the applicant;

(ii)    Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured;

(iii)   Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and

(iv)    Other relevant information regarding conditions in the country of removal.

8 C.F.R. § 1208.16(c)(3).

The IJ found Thu's adverse credibility determination was dispositive of Thu's past persecution asylum claim. The IJ similarly found Thu failed to establish a well-founded fear of future persecution in Burma, citing Thu had only recently become involved in political organizations in the United States. The IJ denied Thu's application for withholding of removal because Thu could not meet the higher burden of proof. Finally, the IJ denied Thu's CAT protection claim because Thu's credibility issues went to the core of Thu's persecution claim, and he had not established it was more likely than not Thu would be tortured or harmed if returned to Burma. The BIA upheld the IJ's findings on Thu's entitlement to asylum, withholding of removal, and CAT protection.

Reviewing the IJ's and the BIA's decisions under the deferential substantial evidence standard, we conclude the evidence in the record was not so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See

Alanwoko, 538 F.3d at 913.  We uphold the BIA's denial of Thu's applications for asylum, withholding of removal, and CAT protection.

### D.    Motion to Supplement the Record[2]

Lastly, we address Thu's claim that the BIA erred in denying his motion to supplement the record or, in the alternative, to remand the case to the IJ to consider additional evidence.  We review for an abuse of discretion the BIA's denial of a motion to supplement the record or to remand to the IJ.  See Berte v. Ashcroft, 396 F.3d 993, 997 (8th Cir. 2005) (citation omitted).  "[T]he BIA will remand only if the evidence is 'of such a nature that the Board is satisfied that if proceedings before the [IJ] were reopened, with all the attendant delays, the new evidence would likely change the result in the case.'"  Id.  (quoting Matter of Coelho, 20 I. & N. Dec. 464, 473 (1992)).

Thu claims the BIA erred in denying his motion to supplement the record with a document entitled "Open Schools Campaign."  That document discusses the fact Burma's universities were closed beginning in December 1996.  However, as the IJ noted, Thu submitted a letter from his university in Burma indicating Thu had been enrolled during the 1996-1997 school year.  Thu claims the new document may have altered the IJ's credibility assessment because the document clarified Thu had not been enrolled in 1997.  The BIA denied Thu's motion, finding the document did not relate specifically to Thu and would not have altered the IJ's credibility assessment.

We conclude the BIA did not abuse its discretion.  As the BIA observed, the IJ was aware and accepted the fact that the 1996 "student demonstrations . . . resulted in a long period during which the universities were closed in [Burma]."  Moreover, the IJ listed many reasons for questioning Thu's credibility, but importantly, the IJ did not

---

[2]On December 10, 2009, Thu filed an unsigned, unauthenticated document from an unknown source.  We grant respondent's motion to strike this document.

-8-

list the letter from the university concerning Thu's enrollment date. We agree with the BIA that the Open Schools Campaign document would not have altered the IJ's decision.

## III. CONCLUSION

Thu's petition for review of the BIA's decision is denied.

_____