# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3829

_____

| | | |
|---|---|---|
| Muhammad Afzal Nadeem, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the Board |
| | * | of Immigration Appeals. |
| Eric H. Holder, Jr.,[1] Attorney General | * | |
| of the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: December 17, 2009
Filed: March 30, 2010

_____

Before LOKEN, Chief Judge, BENTON, Circuit Judge, and VIKEN,[2] District Judge.

_____

BENTON, Circuit Judge.

Muhammad Afzal Nadeem appeals the final decision of the Board of Immigration Appeals denying asylum, withholding of removal, and relief under the

_____

[1] Automatically substituted for Michael B. Mukasey as the respondent in this case by F.R.A.P. 43(c)(2).

[2] The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota, sitting by designation.

Convention Against Torture. Having jurisdiction under 8 U.S.C. § 1252, this court affirms.

I.

Nadeem, a Pakistani citizen, entered the United States in 2000 on a valid visa, but stayed beyond the time authorized. In 2003, he requested asylum, withholding of removal, and protection under the Convention Against Torture, based on his fear of political persecution in Pakistan.

At a hearing before the immigration judge, Nadeem testified that his political involvement led to death threats and demands that he cease campaign-related activities. He claimed that his political rivals ransacked his store and severely beat him following a 1997 election. Nadeem also said that police later abducted him from his home at midnight, and bound, hanged, and tortured him in an unknown location. He further alleged that his political rivals repeatedly opened fire outside his home and threatened his family.

Nadeem offered the testimony of a friend, documentary evidence (detailing a severe psychiatric disorder), records of medical treatment, arrests, and two letters from Pakistani attorneys. Nadeem's other evidence of torture included articles and reports about his arrest and the political climate in Pakistan.

The Department of Homeland Security submitted evidence that it could not authenticate several of Nadeem's documents. A State Department investigative report questioned the accuracy of Nadeem's statements about the time of his arrest and later medical treatment.

Citing inconsistencies in Nadeem's asylum application, declarations, and written records, the immigration judge concluded that he was not credible and denied

relief. The judge doubted the veracity of Nadeem's arrest records and medical report, noting that the arrest documents appeared to be fabricated and the medical report did not clearly show that Nadeem was the subject of it. The medical report also made no mention of injuries that Nadeem would likely sustain if tortured by the police. The State Department investigation concluded that the arrest information offered by Nadeem was contradicted by a report on file in Pakistan. The Pakistani arrest warrant was signed by a judge never posted to the issuing court. Further, the judge found that Nadeem's testimony conflicted with his asylum application and witness testimony. Nadeem failed to mention that he suffered from Post-Traumatic Stress Disorder and stated a time of abduction by the police that contradicted the time alleged by his supporting witness and claimed in his asylum application. The judge also doubted the veracity of the letters from the Pakistani attorneys because they contained identical language, common errors, and the same allegations about the danger Nadeem faced in Pakistan.

The immigration judge declined to accept Nadeem's rebuttal reasons for the inconsistencies. Nadeem claimed he made no mention of his Post-Traumatic Stress Disorder because he was not diagnosed with the disorder until after entering the United States. He contended that the difference in the time of his abduction was immaterial, also asserting that it reflected a cultural difference in the description of "midnight." His witness disagreed with his assertion, and the court rejected all of his rebuttal arguments.

The immigration judge also found Nadeem statutorily ineligible for asylum because he did not file his asylum application within one year after entering the United States. The BIA dismissed his appeal.

II.

Nadeem argues that he presented sufficient evidence to warrant political asylum, withholding of removal, and relief under the Convention Against Torture. He also maintains that the BIA abused its discretion and violated his due process rights by affirming the immigration judge's credibility determination.

A.

Nadeem asks this court to review the denial of his asylum application. He concedes that he failed to timely file. *See Ismailov v. Reno*, 263 F.3d 851, 855 (8th Cir. 2001) (holding that this court generally may not review the Attorney General's determination that an asylum application is untimely in light of the one-year bar in 8 U.S.C. § 1158(a)(2)). However, he asserts that this court may review the denial of asylum if it disagrees with the immigration judge's credibility finding.

This court retains jurisdiction to consider constitutional claims, but may not review factual disputes. *See Purwantono v. Gonzales*, 498 F.3d 822, 824 (8th Cir. 2007). Because his adverse credibility challenge raises a fact question, this court lacks jurisdiction to review Nadeem's asylum claim. *See Fofanah v. Gonzales*, 447 F.3d 1037, 1040 (8th Cir. 2006) (interpreting credibility as a finding of fact); *see also Manani v. Filip*, 552 F.3d 894, 900 (8th Cir. 2009) (declining to review a fact-based challenge to a finding of untimeliness).

B.

Nadeem challenges the denial of relief on the withholding of removal and Convention Against Torture claims. Where, as here, the BIA adopts an immigration judge's decision and adds its own reasoning, this court reviews both decisions. *Kipkemboi v. Holder*, 587 F.3d 885, 888 (8th Cir. 2009). This court reviews legal

determinations de novo, and factual findings for substantial evidence. *See Mouawad v. Gonzales*, 485 F.3d 405, 412 (8th Cir. 2007) (withholding of removal); *Surya v. Gonzales*, 454 F.3d 874, 877-78 (8th Cir. 2006) (Convention Against Torture). To reverse under the substantial evidence standard, the evidence must be so compelling that no reasonable fact-finder could fail to find for Nadeem. *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992); *Singh v. Gonzales*, 495 F.3d 553, 556 (8th Cir. 2007) (holding that credibility determinations are conclusive unless a reasonable adjudicator would be compelled to conclude to the contrary).

Nadeem alleges that the BIA erred in affirming the finding of adverse credibility. Adverse credibility determinations must be supported by specific, cogent reasons for disbelief. *Eta-Ndu v. Gonzales*, 411 F.3d 977, 982 (8th Cir. 2005). Under this standard, an immigration judge must provide reasons that are specific enough for a reviewing court to understand the rationale behind the decision and convincing enough that a reasonable adjudicator would not be compelled to reach a contrary result. *See Damkam v. Holder*, 592 F.3d 846, 851 (8th Cir. 2010); *Singh*, 495 F.3d at 557-58. Specific, cogent reasons include an applicant's submission of fraudulent documents or contradictions between official records and the evidence submitted. *See Rafiyev v. Mukasey*, 536 F.3d 853, 856 (8th Cir. 2008); *Averianova v. Mukasey*, 509 F.3d 890, 895 (8th Cir. 2007).

Here, the immigration judge provided specific, cogent reasons for disbelief. Nadeem submitted articles, an information report, an arrest warrant, and a medical record. The articles about an arrest in Pakistan lacked credibility because he failed to obtain certified translations. *See* **8 C.F.R. § 1003.33**. The State Department investigation found that Pakistani records contradicted the information report and arrest warrant offered by Nadeem. The physician authoring the medical report declared that the examinee was in Pakistan at a time Nadeem was in the United States.

Nadeem presented two letters from attorneys in Pakistan, but they had similar language, grammar, and spelling errors. *See **Ye v. U.S. Dep't of Justice***, 489 F.3d 517, 519 (2d Cir. 2007) (noting that an immigration judge's adverse credibility finding may be based on nearly identical language in separate written affidavits, which an applicant contends are written by two different people on his or her behalf); ***Eta-Ndu***, 411 F.3d at 985 (questioning the authenticity of letters typed on the same machine, despite having allegedly been typed by separate officials, with offices located 40 miles apart). Nadeem also incorrectly testified about the time of day he was kidnapped while in Pakistan, and whether he had been treated for Post-Traumatic Stress Disorder. Although Nadeem tried to explain these discrepancies, the immigration judge properly relied on the numerous documentary and testimonial inconsistencies to reach an adverse credibility determination. *See **Rafiyev***, 536 F.3d at 857 (even where an applicant's explanations are plausible, an agency is not required to accept the explanations if an alternative conclusion is also reasonable).

The adverse credibility finding is fatal to Nadeem's claim for withholding of removal. *See **Aden v. Ashcroft***, 396 F.3d 966, 969 (8th Cir. 2005). To qualify for withholding of removal, an applicant must show a clear probability of persecution. ***Aung Si Thu v. Holder***, --- F.3d ---, 2010 WL 772131, at *4 (8th Cir. Mar. 9, 2010). An applicant may show this by establishing past persecution or the likelihood of future threats to his or her life or freedom based on race, religion, nationality, membership in a particular social group, or political opinion. **8 C.F.R. § 1208.16(b)**. Here, the immigration judge's adverse credibility finding, supported by specific and cogent reasons for disbelief, details the discredited information, undermines allegations of past persecution, and provides a proper basis for denying Nadeem's claim for withholding of removal.

Nadeem also seeks protection under the Convention Against Torture. To qualify for protection, an applicant must establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal. **8 C.F.R.**

**§ 1208.16(c)(2)**. Although an adverse credibility determination is not necessarily determinative of the Convention Against Torture claim, an immigration judge may consider an applicant's discounted credibility when determining whether he or she will be subject to torture. *Ntangsi v. Holder*, 554 F.3d 1142, 1150 (8th Cir. 2009). Here, the immigration judge could discount the incredible evidence. The only additional evidence submitted by Nadeem featured media and government reports about the political climate in Pakistan. Evidence of general conditions is insufficient to establish that one is more likely than not to suffer torture. *Esaka v. Ashcroft*, 397 F.3d 1105, 1111-12 (8th Cir. 2005).

On appeal, Nadeem objects that he will be tortured if removed, because State Department officials investigated his documentary evidence in Pakistan. The record, however, does not indicate that State Department investigators disclosed any information about Nadeem to Pakistani officials. An investigation of an asylum applicant without divulgence of personal information to officials in the home country does not establish that the applicant will be subject to torture. *Cf. Anim v. Mukasey*, 535 F.3d 243, 255-56 (4th Cir. 2008) (granting an applicant the opportunity to seek relief based on a fear of persecution after State Department officials disclosed information to officials in the country of removal that inferred that she sought asylum in the United States). Because Nadeem failed to provide sufficient evidence that he would be subject to torture in Pakistan, he does not qualify for protection under the Convention Against Torture.

Nadeem further asserts that the disclosure of information to Pakistani officials violated his due process rights. Nadeem did not raise this argument about the process he received before the immigration judge to the BIA. This court will not consider this due process claim. *See Kimumwe v. Gonzales*, 431 F.3d 319, 323 (8th Cir. 2005) (declining to review due process challenges to the immigration judge's decision not raised on appeal to the BIA).

C.

Nadeem claims that the BIA abused its discretion and violated his due process rights by affirming the immigration judge's order. He merely asserts the prior challenges to the adverse credibility determination, and alleges no procedural error by the BIA. As discussed, substantial evidence supports the denial of relief to Nadeem. Because nothing in the record compels a contrary result, the BIA did not abuse its discretion or commit constitutional error by denying relief.

III.

The petition for review is denied.

_____