# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1335

_____

De Yun Liu, Ling Fei Chen,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　Petitioners,　　　　　*
　　　　　　　　　　　　　　　　*　　Petition for Review of
　　　　v.　　　　　　　　　*　　an Order of the Board
　　　　　　　　　　　　　　　　*　　of Immigration Appeals.
Eric H. Holder, Jr., Attorney General　*
of the United States,　　　　　　*　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　*
　　　　　　Respondent.　　　　　*

_____

Submitted: December 17, 2010
Filed: March 10, 2011

_____

Before RILEY, Chief Judge, BEAM and BENTON, Circuit Judges.

_____

PER CURIAM.

De Yun Liu (Liu) and her minor daughter, natives and citizens of the People's Republic of China, petition for review of an order of the Board of Immigration Appeals (BIA) that affirmed the Immigration Judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition.

Liu is from the Fujian Province in China and arrived in Los Angeles with her nine-year-old daughter on February 26, 2004, without valid entry documents. An immigration inspector, via a translator, interviewed Liu regarding her reasons for

leaving China. Liu told the inspector in a sworn statement that she became pregnant in 1995 (a year after she gave birth to her daughter) but she "miscarried" after five months. She explained that the Chinese government "only allows another child, five years after the first one. . . . I am scared that they will fine me for having been pregnant a second time as well as for trying to run away from China this trip." Liu and her daughter subsequently reunited with Liu's husband, who entered the United States in the mid-1990s, and the family relocated to Missouri. Liu and her husband had a second child while in the United States.

On March 1, 2004, the government issued Notices to Appear, charging Liu and her daughter with being in the United States without valid entry documents. Liu and her daughter conceded removability and applied for asylum, withholding of removal, and CAT relief based on Liu's assertions that (1) she fears returning to China because, under Chinese policy, women with two children are subject to mandatory sterilization; and (2) her pregnancy in 1995 ended due to forced abortion by Chinese officials–not miscarriage–and she fears similar treatment, in addition to fines, if she becomes pregnant in China again. To support her claim, Liu submitted an abortion certificate, but she admitted that she received the certificate from her father after she illegally entered the United States and she did not receive the document at the time of the alleged forced abortion. A consular investigation report concluded that this and other documents submitted by Liu were counterfeit.

The IJ denied the application, finding that Liu and her daughter did not meet their burdens of proof for asylum, withholding of removal, or CAT relief. The IJ emphasized State Department reports indicating that the enforcement of family planning policies in the Fujian Province is "lax" or "uneven." The IJ also concluded that Liu's testimony regarding her forced abortion by Chinese officials in 1995 was not credible. To support the adverse credibility determination, the IJ noted the consular investigation report's conclusion that documents submitted by Liu, including the abortion certificate, were counterfeit. "[E]ven setting aside the overseas

-2-

investigation report," however, the IJ found that Liu's testimony was not credible based on several inconsistencies in the record. Most notable among such inconsistencies was Liu's sworn statement to the immigration inspector that her 1995 pregnancy ended in a "miscarriage," not forced abortion by Chinese officials. The BIA affirmed the IJ's denial of relief, and Liu and her daughter petitioned this court for review.

Where the BIA essentially adopts the IJ's opinion and adds some of its own reasoning, we review both decisions. Khrystotodorov v. Mukasey, 551 F.3d 775, 781 (8th Cir. 2008). We review determinations regarding eligibility for asylum, withholding of removal, and CAT relief under the substantial evidence standard. Id. Under this "extremely deferential standard of review," we will not disturb the agency's factual determinations "unless any reasonable adjudicator would be compelled to conclude to the contrary." Id. (quotations omitted).

Liu seeks asylum relief, asserting that she is unwilling to return to China based on a well-founded fear of persecution due to China's one-child policy. See id. (outlining requirements for asylum relief); 8 U.S.C. § 1101(a)(42)(B) (applicants who have been forced to have abortions or to undergo involuntary sterilization, or who have been persecuted for failure to comply with such procedures, qualify as refugees); 8 C.F.R. § 208.13(b)(1) (where an applicant demonstrates past persecution, she is presumed to have a well-founded fear of future persecution).

The agency found that Liu did not establish past persecution because her claim of forced abortion was not credible. We affirm the agency's adverse credibility determination because it is supported by "specific, cogent reasons for disbelief." Nadeem v. Holder, 599 F.3d 869, 873 (8th Cir. 2010). Specifically, among other inconsistencies in the record, Liu told an immigration inspector, via a translator in a sworn statement, that her 1995 pregnancy ended in a "miscarriage" and she did not indicate that her pregnancy was forcibly terminated or that Chinese officials played

any role in the "miscarriage." Although Liu asserts that "miscarriage" and "abortion" are the same word in the Fujian (Mandarin) Chinese language, it is clear that Liu's sworn statement did not indicate that her pregnancy was *forcibly* terminated by Chinese officials. This omission is particularly significant because it goes to the heart of Liu's asylum claim. See Tebyasa v. Holder, 593 F.3d 707, 711 (8th Cir. 2010) (although applicant attempted to explain inconsistencies, the inconsistencies went to the heart of the asylum claim and provided specific, cogent reasons for disbelief); Nadeem, 599 F.3d at 873 (even where an applicant's explanations of inconsistencies are plausible, an agency is not required to accept the explanations if an alternative conclusion is also reasonable).

Liu argues that the consular investigation report–which concluded documents submitted by Liu were counterfeit–was unreliable and does not support the agency's adverse credibility finding. Liu also contends that the admission of the report, due to its untrustworthiness, violated her due process rights. Assuming *arguendo* that the report was unreliable, however, we would still affirm the adverse credibility determination because it is supported by other specific, cogent reasons for disbelief. See Falaja v. Gonzales, 418 F.3d 889, 896-97 (8th Cir. 2005) (upholding adverse credibility determination based on some, but not all, of the agency's stated reasons for disbelief). Also, Liu cannot demonstrate prejudice for her due process claim because the adverse credibility determination in this case was expressly made "[e]ven setting aside" the report. See Lybesha v. Holder, 569 F.3d 877, 882 (8th Cir. 2009) ("To prevail on a claim alleging a violation of due process, petitioners must . . . demonstrate that the complained of defects in the proceedings may well have resulted in removal that would not otherwise have occurred."). Finally, as the BIA pointed out, if the consular investigation report was incorrect and the abortion certificate submitted by Liu was authentic, the certificate would actually undermine Liu's claim that she endured an *in*voluntary abortion. A State Department report in the record indicates that abortion certificates are only issued in the Fujian Province following *voluntary* abortions. See Cao v. Gonzales, 442 F.3d 657, 661 (8th Cir. 2006); Huang v.

Gonzales, 453 F.3d 942, 945-46 (7th Cir. 2006). Thus, we find Liu's arguments pertaining to the consular investigation report unpersuasive.[1]

We also find that substantial evidence supports the BIA's conclusion that Liu failed to demonstrate a well-founded fear of future harm because she has two children, including one United States-born child. As noted earlier, State Department reports indicate that the enforcement of family planning policies in the Fujian Province is "lax" or "uneven." Such reports are persuasive authority for determining whether an applicant has a well-founded fear of future persecution, Zheng v. Gonzales, 415 F.3d 955, 960 (8th Cir. 2005), and we find that Liu and her daughter have failed to demonstrate that the evidence they presented was "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Khrystotodorov, 551 F.3d at 781 (quotation omitted).

Because Liu and her daughter failed to meet the burden of proof for asylum, their claim for withholding of removal necessarily fails as well. Cao, 442 F.3d at 661. We also find that the denial of CAT relief is supported by substantial evidence in the record. Id.

For the foregoing reasons, we deny the petition for review.

_____

---

[1]Liu also asserts that the overseas investigation invaded her right to confidentiality under 8 C.F.R. § 208.6 and placed her in danger of persecution upon her return to China. We do not address these arguments because Liu failed to raise them in her appeal to the BIA. Ateka v. Ashcroft, 384 F.3d 954, 957 (8th Cir. 2004); Abebe v. Mukasey, 554 F.3d 1203, 1207-08 (9th Cir. 2009) (en banc), cert. denied, 130 S. Ct. 3272 (2010).