# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3575

_____

Daniel Ramos Perez,

          Petitioner,

v.

Eric H. Holder, Jr., Attorney
General of the United States,

          Respondent.

\*
\*
\*
\*
\*    Petition for Review of an Order of
\*    the Board of Immigration
\*    Appeals.
\*
\*        [UNPUBLISHED]
\*
\*

_____

Submitted: June 16, 2011
Filed: August 3, 2011

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Daniel Ramos Perez, a citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying asylum, withholding of removal, and relief under the Convention Against Torture. For the reasons discussed below, we deny his petition.

Perez filed his application for relief in 1994 and received a hearing before an immigration judge ("IJ") in 2008. The IJ made a negative credibility finding with

respect to Perez's testimony that he illegally entered the United States in 1990 in time to register for benefits pursuant to the class-action settlement in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991). Instead, the IJ found that Perez more likely entered the United States in 1993 or 1994. However, the IJ made no negative credibility findings with respect to the remainder of Perez's testimony.

Perez stated that in 1984, when Guatemala was in a state of civil war, he witnessed armed guerillas kill his brother because his family could not meet the guerillas' demand for food. During the years between that event and his eventual entry into the United States, Perez lived in Mexico to avoid the guerillas, visiting Guatemala occasionally to provide money to his family. In 1996, the Guatemalan government and the guerillas reached a peace agreement, and the guerillas gave up their arms and renounced violence. Perez did not claim that he personally had been physically harmed by guerilla or Guatemalan government forces, and the wife and children he left behind in Guatemala in the early 1990s have remained unharmed through the present day.

The IJ denied all forms of requested relief, finding, *inter alia*, that Perez failed to prove past persecution and failed to meet his burden to establish the requisite fear of future persecution. The BIA affirmed the IJ's decision. Perez timely appeals with respect to his claims for asylum, withholding of removal, and protection under the Convention Against Torture, and we have jurisdiction to hear the case under 8 U.S.C. § 1252.[1]

---

[1] Before the agency, Perez also sought special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100, 111 Stat. 2160 (1997) ("NACARA"). Perez concedes that the BIA's determination of his ineligibility for NACARA relief was made on a factual basis, depriving this court of jurisdiction to consider that claim. *See Molina Jerez v. Holder*, 625 F.3d 1058, 1068-69 (8th Cir. 2010).

The Attorney General has discretion to grant asylum to an alien who "is unable or unwilling to return to [his] home country because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group or political opinion." *Onsongo v. Gonzales*, 457 F.3d 849, 852 (8th Cir. 2006). The burden of proof is on the applicant, 8 C.F.R. § 208.13, and failure to show that feared persecution would be based on any of the five protected grounds enumerated is fatal to any claim for relief under these provisions. *Onsongo*, 457 F.3d at 852. We review the BIA's determination using the deferential substantial-evidence standard. *See Osonowo v. Mukasey*, 521 F.3d 922, 927 (8th Cir. 2008). Under this standard, Perez must show "that the evidence 'was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution.'" *Id.* (quoting *Eta-Ndu v. Gonzales*, 411 F.3d 977, 982 (8th Cir. 2005)). "The BIA's decision is the subject of our review because it is the final agency decision." *Ismail v. Ashcroft*, 396 F.3d 970, 974 (8th Cir. 2005). "However, to the extent that the BIA adopted the IJ's findings, we review those IJ findings as part of the final agency decision." *Id.*

In his brief, Perez does not challenge the BIA's determination that the incidents of violence he described do not rise to the level of past persecution. Thus, Perez is not entitled to any presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Nevertheless, "[i]n the absence of past persecution, an applicant can demonstrate entitlement to asylum if he shows there is a reasonable possibility he will experience persecution upon removal." *Thu v. Holder*, 596 F.3d 994, 999 (8th Cir. 2010).

In this case, substantial evidence supports the agency's determination that Perez failed to demonstrate a well-founded fear of future persecution. Such fear must be both genuine and reasonable. *Eta-Ndu*, 411 F.3d at 983. Even if his fear is subjectively genuine, Perez has failed to show that his fear is objectively reasonable. Hostilities in Guatemala ceased in 1996, and the guerillas have disbanded, greatly

diminishing any rational basis for fear in the intervening fifteen years. *See Lorenzo-Gonzales v. Gonzales*, 419 F.3d 754, 756 (8th Cir. 2005) (per curiam) (finding that the petitioner failed to show a well-founded fear of persecution in light of the termination of violence in Guatemala after the 1996 peace accords). Further, in the approximately twenty years since Perez left his family in Guatemala, not one of them has come to harm, and the record does not suggest that they live in fear. *See Krasnopivtsev v. Ashcroft*, 382 F.3d 832, 839 (8th Cir. 2004) ("The reasonableness of a fear of persecution is diminished when family members remain in the native country unharmed, and the applicant himself had not been singled out for abuse."). Moreover, Perez has failed to show that his fear is founded on any of the protected grounds. Perez expressly acknowledges that his fear is not based on religion or political affiliation, *see* Pet'r's Br. 7, and there is no argument and nothing in the record to suggest that he fears persecution based on race, nationality, or membership in a social group. *See Onsongo*, 457 F.3d at 852. Accordingly, Perez has failed to carry his burden to prove that he qualifies for relief under one of the five protected grounds.

Because Perez failed to meet the burden of proof on his asylum claim, his application for withholding of removal necessarily fails as well. *See Turay v. Ashcroft*, 405 F.3d 663, 667 (8th Cir. 2005) (noting that because the standard for withholding of removal is more rigorous, "[a]n alien who fails to prove eligibility for asylum cannot meet the standard for establishing withholding of removal"). Finally, because Perez's brief makes no meaningful argument in support of his claim for relief under the Convention Against Torture, that claim is waived. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).

For the foregoing reasons, we deny the petition for review.

_____