# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2128

_____

Imad Ibrahim Mouawad,                          *
                                               *
                 Petitioner,                   *
                                               *   Petition for Review of an
        v.                                     *   Order of the Board of
                                               *   Immigration Appeals.
Eric H. Holder, Jr., Attorney General          *
of the United States,                          *        [UNPUBLISHED]
                                               *
                 Respondent.                   *

_____

Submitted: October 19, 2011
    Filed:  December 13, 2011

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Imad Ibrahim Mouawad (Mouawad), a native and citizen of Lebanon, petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed the Immigration Judge's (IJ) denial of relief under the Convention Against Torture (CAT). We deny the petition.

## I.    BACKGROUND

On August 24, 2000, Mouawad entered the United States as a non-immigrant visitor. In 2003, the government issued a Notice to Appear, charging Mouawad with removablity for overstaying his visa. Mouawad conceded removablity but sought relief from removal by applying for asylum, withholding of removal, and CAT relief. The IJ and BIA denied Mouawad relief, and he petitioned for review before this court. We declined to review Mouawad's asylum claim for lack of jurisdiction, and we denied his petition for review as it related to his claim for withholding of removal. Mouawad v. Gonzales, 485 F.3d 405, 414 (8th Cir. 2007). However, we granted Mouawad's petition for review as it related to his CAT claim and remanded it to the BIA for further consideration. Id. The BIA remanded the CAT claim to the IJ.

At the hearings before the IJ, Mouawad produced evidence that consisted primarily of his testimony and documents discussing the conditions in Lebanon. We recount the substance of Mouawad's testimony. Mouawad was born in Deir el-Kamar, Lebanon, and has been a Maronite Christian from birth. From 1995 to 1996, Mouawad held the rank of private in the Lebanese military, where he served as an aide and driver to a military commandant. While serving in the military, unidentified men approached Mouawad, made vague threats, and sought military information. Mouawad believed these men belonged to the Islamic organization, Hizballah. Mouawad testified that members of Hizballah attempted to recruit him and his family.

Mouawad also presented evidence that on October 27, 1997, members of Hizballah allegedly murdered Samir Doew (Doew), Mouawad's friend and neighbor. Doew was involved in some type of covert employment. Shortly after Doew's murder, two unidentified men knocked on Mouawad's apartment door. Fearful of the men, Mouawad did not answer the door and hid under his bed. Mouawad overheard the men speaking with a neighbor, explaining that they wanted to speak with Doew's

friend. For the next three years, Mouawad went into hiding by traveling to various locations in Lebanon.

In April 2000, Mouawad traveled to Syria and applied for a visa to obtain entry into the United States. After returning to Lebanon, Mouawad waited about four months before he departed for the United States. Even though he had departed for the United States, Mouawad claimed Hizballah continued to look for him in Lebanon. Mouawad fears that if he returns, the Syrian militia or Hizballah will kill him.

In resolving Mouawad's CAT claim, the IJ found Mouawad's testimony lacked credibility for several reasons. First, the evidence showed that Mouawad paid a woman to participate in a fraudulent marriage to remain in the United States. Second, although Mouawad claimed Hizballah attempted to recruit him, the IJ found this unpersuasive based on his status as a Maronite Christian. Third, Mouawad claimed Hizballah wanted military information from him, but he had only attained the rank of private in the Lebanese military, limiting his access to information. Fourth, notwithstanding Mouawad's alleged fear of Hizballah, he made several trips to Syria, a major supporter of Hizballah, in order to obtain his United States visa. Finally, after obtaining a visa to enter the United States, Mouawad waited four months before leaving Lebanon. According to the IJ, this delay indicated Mouawad did not fear immediate harm from Hizballah.

After reaching the merits of his claim, the IJ determined Mouawad failed to satisfy his burden for establishing CAT relief. Specifically, the IJ determined that Mouawad failed to establish that he will more likely than not be tortured by Hizballah with the Lebanese government's acquiescence. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Accordingly, the IJ denied Mouawad's application for CAT protection. Mouawad appealed this adverse decision.

On appeal, the BIA affirmed the IJ's decision, concluding Mouawad lacked credibility and failed to establish the requisite probability of torture in Lebanon. Subsequently, the BIA granted Mouawad's motion for reconsideration, where it agreed with the IJ's reasoning, again determined Mouawad did not establish a likelihood of torture, and dismissed the appeal. Mouawad now petitions this court for review.

## II.    DISCUSSION

The BIA essentially adopted the IJ's opinion and added some of its own reasoning, so we review both decisions. Khrystotodorov v. Mukasey, 551 F.3d 775, 781 (8th Cir. 2008). We review determinations regarding CAT relief for substantial evidence. Constanza v. Holder, 647 F.3d 749, 753 (8th Cir. 2011). Giving deference to the findings of fact, we overturn only if "the record evidence was so compelling that no reasonable fact finder could fail to find [Mouawad] eligible for . . . relief under the Convention Against Torture." Habtemicael v. Ashcroft, 370 F.3d 774, 779 (8th Cir. 2004) (internal quotation omitted).

Under the CAT's implementing regulations, Mouawad has the burden of proving that it is more likely than not that he would be tortured if removed to Lebanon. 8 C.F.R. § 1208.16(c)(2). The IJ must consider all relevant evidence, including:

(i)     Evidence of past torture inflicted upon the applicant;

(ii)    Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured;

(iii)   Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and

-4-

(iv)    Other relevant information regarding conditions in the country of
removal.

Id. § 1208.16(c)(3).  To constitute "torture" under the CAT, the conduct must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  Id. § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."  Id. § 1208.18(a)(7).

Previously, we determined that substantial evidence supported "the IJ's denial of Mouawad's CAT claim insofar as it relates to torture at the hands of the Lebanese or Syrian governments directly."  Mouawad, 485 F.3d at 414.  Thus, the limited issue on remand was whether it is more likely than not that Hizballah will likely torture Mouawad with the Lebanese government's acquiescence.  See id.

After reviewing the record, we conclude substantial evidence supports the IJ's and BIA's denial of CAT relief.  In the proceedings below, the BIA affirmed the IJ's finding that Mouawad's testimony lacked credibility because of his fraudulent marriage and implausible allegations.  Mouawad did not challenge this adverse credibility finding in his motion to reconsider nor in his petition for review.  Although the adverse finding is not necessarily fatal to his CAT claim, the BIA and IJ appropriately considered Mouawad's discounted credibility when determining whether Mouawad sufficiently established that he will likely be tortured.  See Nadeem v. Holder, 599 F.3d 869, 873 (8th Cir. 2010).

In addition to his discredited testimony, Mouawad submitted several media and government reports documenting general conditions in Lebanon and Hizballah's hostilities toward Israel.  These reports do not establish the requisite probability of torture for CAT relief.  Id. at 873-74 ("Evidence of general conditions is insufficient

to establish that one is more likely than not to suffer torture.").  To the extent some reports gave accounts other than general conditions, the IJ and BIA carefully evaluated the evidence, and we find it not "so compelling that no reasonable fact finder could fail to find [Mouawad] eligible for . . . relief under the Convention Against Torture."  Habtemicael, 370 F.3d at 779 (internal quotation omitted).

## III.   CONCLUSION

We deny the petition.

_____