# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1274

_____

Akofa Christine Doumegno

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 17, 2015
Filed: February 24, 2016
[Unpublished]

_____

Before SMITH, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Akofa Christine Doumegno petitions for review of an order of the Board of Immigration Appeals ("BIA"), which affirmed the denial of Doumegno's application for asylum, cancellation of removal, and relief under the Convention Against Torture ("CAT"). Doumegno argues the Immigration Judge ("IJ") and the BIA applied

incorrect legal standards and improperly weighed the evidence. We deny Doumegno's petition.

I

Doumegno, who maintains she is a native and citizen of Togo, left Togo because of violence and temporarily settled in Benin. With the help of a friend, Doumegno obtained a Beninese birth certificate and passport and successfully applied for an F-1 Student Visa to the United States. Doumegno was admitted to the United States in 2007 using the Beninese passport with the name of Merime Laurell Goudou. Doumegno thereafter filed a timely application for asylum and listed her name as Akofa Christine Doumegno and identified her nationality and citizenship as Togolese. As proof of her Togolese citizenship, Doumegno submitted her Togolese national identity card, a membership card from a Togolese social group, her farther's Togolese national identity card, and a letter of support from where she stayed in Benin. Doumegno also disclosed her use of Merime Laurell Goudou as an alias, and submitted copies of the Goudou documents.

The asylum office, because of concerns with whether Doumegno suffered persecution, referred the matter to the immigration court. The IJ conducted an individual hearing, during which the government asked for additional time to verify Doumegno's identity and nationality. The IJ granted the government's motion for continuance. At the second hearing, the government announced it had failed to investigate Doumegno's identity and nationality. The IJ then determined the burden to establish her identity and nationality rested on Doumegno and Doumegno needed to rebut the presumption that her Benin passport properly identified her as Goudou. The IJ continued the matter so Doumegno could seek verifying information on her identity and nationality, but the government declined to provide Doumegno with the original copies of her identity documents. At the next hearing, Doumegno presented documentary evidence she obtained from Merime Laurell Goudou, a woman living

in Benin. Doumegno did not present further identity evidence from Benin because the government did not respond to her requests. The IJ concluded (1) Doumegno's claim that her name is Doumegno and she is from Togo lacked credibility, and (2) Doumegno failed to meet her burden to prove her identity is different than that in the passport she used to enter the country. The IJ then sua sponte found Doumegno removable because Doumegno committed fraud by claiming she was Doumegno from Togo when really she was Goudou from Benin.

Doumegno timely appealed to the BIA. The BIA held the IJ committed "no clear error" by "finding that the respondent did not satisfy her burden establishing that her true identity is Akofa Christine Doumegno and that she is a citizen and native of Togo." The BIA dismissed the appeal. Doumegno now petitions for review.

II

Doumegno raises several issues with the administrative proceedings, all of which relate to the single question of whether Doumegno adequately proved her nationality and identity. Doumegno asks this Court to remand to the BIA for further proceedings on her claims of asylum, withholding of removal, and CAT relief.

Because the BIA's decision is the final decision of an agency, it is the subject of our review. Falaja v. Gonzales, 418 F.3d 889, 894 (8th Cir. 2005). "In an appeal from the BIA, we review the BIA's fact-findings for substantial evidence, and we review its legal determinations, as well as any constitutional challenges, de novo." Banat v. Holder, 557 F.3d 886, 889 (8th Cir. 2009). Doumegno argues the BIA's order is unreviewable on appeal because the BIA failed to explain whether it found Doumegno and her evidence credible. However, the BIA adopted the reasoning of the IJ in this matter, which the BIA is allowed to do. Instead of making the case unreviewable, we review the IJ's decision. Banat, 557 F.3d at 889-90.

-3-

Regarding establishment of identity and nationality, Doumegno asserts an error of law because the BIA failed to properly articulate Doumegno's burden of proof and the IJ fashioned an evidentiary presumption which had never before been articulated. However, it is well-established an asylum seeker bears the burden of proving identity and nationality. An asylum-seeker must "confront the basic burden of establishing her identity and nationality" when they "are legitimately in question." Diallo v. Mukasey, 508 F.3d 451, 454 (8th Cir. 2007). An asylum-seeker's "proof of her identity and nationality are fundamental, and when called into question, [the petitioner] must present adequate explanation or risk a lack of credibility finding." Id. at 455 n.3; see also In Re O-D-, 21 I. & N. Dec. 1079, 1081 (BIA 1998) (holding that where identity is disputed and "[u]nderlying the entire record is the respondent's fundamental claim that he is a citizen and national of [a certain country] and seeks refuge therefrom," a petitioner has "the burden of establishing identity, nationality, and citizenship"). Neither the BIA nor the IJ committed legal error in stating or applying the burden of proof.

Doumegno next argues the IJ erred in assessing the credibility of her testimony and documentary evidence. "[B]ecause the immigration judge is in the best position to evaluate a[] [petitioner]'s testimony, his or her credibility determinations are to be given much weight," and we defer to the IJ's credibility finding "where the finding is supported by a specific, cogent reason for disbelief." Perinpanathan v. INS, 310 F.3d 594, 597 (8th Cir. 2002) (citations omitted). The IJ provided a reasoned explanation for its credibility assessment of Doumegno and the evidence presented. For example, even though the IJ misunderstood the issue-date of one of the identity cards, the IJ found Doumegno's account of how her friend obtained the card implausible and accorded the card little weight. Additionally, the IJ was troubled that the Togolese nationality identity card was not certified in accordance with Togolese regulations, and the IJ "found suspect" Doumegno's friend was able to retrieve the documents from Togo without Doumegno being present. Ultimately, the IJ determined it could not credit Doumegno's claim that she was born in Togo and is a

citizen of Togo because "the Togolese documents . . . presented in this case[] were obtained in such a suspect and unsubstantiated manner." Although the evidence "do[es] not necessarily compel an adverse credibility determination," we were not present to evaluate the credibility of the witnesses, and "'great weight' must be given to the IJ's determination." Diallo, 508 F.3d at 455. Accordingly, we uphold the adverse credibility determination.

Doumegno also asserts she proved, by a preponderance of the evidence, her identity and nationality. However, we evaluate petitions for review under the substantial evidence standard, not a preponderance of the evidence standard. Nadeem v. Holder, 599 F.3d 869, 872 (8th Cir. 2010). In order to reverse under the substantial evidence standard, there must be evidence "so compelling that no reasonable fact-finder would fail to find for" the petitioner. Id. The IJ, after weighing the credibility of Doumegno's testimony and the submitted documents, gave little weight to the "questionable" Togolese documents, and gave much weight to the Beninese passport, which everyone agrees was actually issued by the government of Benin. Contrary to Doumegno's argument, the IJ and BIA did not treat the Beninese passport as per se conclusive evidence of Doumegno's identity and nationality. Instead, the IJ weighed the passport against the Togolese documents, and also gave little weight to the documents provided by Goudou. We can appreciate Doumegno's frustration with how the IJ weighed the evidence; however, "we are not at liberty to reweigh the evidence." Osonowo v. Mukasey, 521 F.3d 922, 926 (8th Cir. 2008). Accordingly, Doumegno is not entitled to relief on this ground.

In total, substantial evidence supports the IJ's determination of Doumegno's credibility, identity, and nationality. Because Doumegno failed to prove her identity and nationality, her "asylum and withholding claims . . . fail since they rest[] on h[er] discredited testimony about h[er] identity." Ali v. Holder, 686 F.3d 534, 538 (8th Cir. 2012). Doumegno's claim for relief under CAT fails for the same reason. Although an outcome "on asylum and withholding of removal are not determinative of the CAT

claim," separate analysis for CAT protection is only required if the evidence of torture is unrelated to the asserted grounds for asylum and withholding of removal. Khrystotodorov v. Mukasey, 551 F.3d 775, 784 (8th Cir. 2008). Because Doumegno's claims all rest on her identity as Doumegno and nationality as Togolese, her CAT claim fails for all of the reasons explained above.

III

Accordingly, we deny Doumegno's petition for review.

_____