# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3792

_____

Abdoul Gadiri Diallo

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 6, 2017
Filed: September 12, 2017
[Unpublished]

_____

Before COLLOTON, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Abdoul Gadiri Diallo, a citizen of Guinea, petitions for review of an order of
the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of
an immigration judge (IJ) that denied him asylum, withholding of removal, and relief
under the Convention Against Torture (CAT) based on an adverse credibility finding.
The BIA found that the IJ's credibility determination was not erroneous because it

was based on specific, cogent reasons. The BIA identified inconsistencies and discrepancies among Diallo's interview statements, asylum application, testimony, and documentary evidence that Diallo did not satisfactorily explain. In his petition for review, as relevant to those issues properly before us,[1] Diallo challenges the IJ's credibility determination and contends that the government's use of a Border Patrol agent's report without producing the agent for questioning violated his due process rights.

We conclude that Diallo's challenge to the adverse credibility determination fails because the IJ's finding was sufficiently supported, as explained by the BIA. No "reasonable adjudicator would be compelled to conclude to the contrary." Fesehaye v. Holder, 607 F.3d 523, 526 (8th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)); Kondakova v. Ashcroft, 383 F.3d 792, 797 (8th Cir. 2004) (determining that an IJ's credibility finding was supported by "specific and cogent reasons" where, inter alia, the alien's testimony and asylum application were inconsistent), cert. denied, 543 U.S. 1053 (2005); see also Chakhov v. Lynch, 837 F.3d 843, 846 (8th Cir. 2016) (concluding that an IJ may base a credibility determination "on the demeanor, candor, or responsiveness of the applicant," among other factors (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))). We also conclude that the Border Patrol credible-fear report was sufficiently probative to be considered, as it addressed Diallo's bases for his claimed fear of return. Further, the admission of the report was not fundamentally unfair because Diallo's statements were made under oath, the report was produced by the agent during the ordinary course of his duties, and the report was made contemporaneously with Diallo's interpreter-assisted interview. See Kim v. Holder, 560 F.3d 833, 836 (8th Cir.) (explaining criteria for the admission of hearsay evidence in immigration proceedings), cert. denied, 558 U.S. 945 (2009).

---

[1]See Agha v. Holder, 743 F.3d 609, 616 (8th Cir. 2014) (discussing administrative exhaustion requirement); Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006) ("Because the BIA did not consider the IJ's alternative grounds for denying relief, those issues are not properly before us.").

Because Diallo's withholding claim relied on the same discredited evidence as his claim for asylum, it failed as well.  See Nadeem v. Holder, 599 F.3d 869, 873 (8th Cir. 2010).  "Although an adverse credibility determination is not necessarily determinative of [a CAT] claim, an immigration judge may consider an applicant's discounted credibility when determining whether he or she will be subject to torture." Id.  Moreover, Diallo's evidence of general country conditions was insufficient to show that he would more likely than not suffer torture in Guinea.  See id. at 873–74.

The petition is denied.

_____