# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4387
_____

Tabogo Anomoh Akung

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 19, 2017
Filed: December 13, 2017
[Unpublished]

_____

Before COLLOTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Tabogo Anomoh Akung (also known as "Didier Awa"), a citizen of Cameroon whose true and correct name is "Awa Achu Didier" (Petitioner), petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of an immigration judge (IJ), which denied him asylum, withholding of removal, and relief under the Convention Against Torture (CAT), based on an

adverse credibility finding. The BIA upheld the credibility finding, because the IJ had articulated specific, cogent reasons based in the record for her determination, including that Petitioner used false documents, assumed a false identity, used an incorrect birth date in his asylum application and gave an implausible explanation for the mistake, and made inconsistent statements. In his petition for review, Petitioner challenges the IJ's credibility determination and contends the IJ abused her discretion by failing to weigh the positive equities in his case and by finding he did not establish a well-founded fear of persecution based on his membership in a particular social group.

We conclude that Petitioner's challenge to the adverse credibility determination fails because the IJ's finding was sufficiently supported, as explained by the BIA, and we find that no reasonable adjudicator would be compelled to conclude contrarily. See Fesehaye v. Holder, 607 F.3d 523, 526 (8th Cir. 2010); Nadeem v. Holder, 599 F.3d 869, 872–73 (8th Cir. 2010) (holding that specific, cogent reasons included applicant's submission of fraudulent documents and concluding IJ properly relied on numerous documentary and testimonial inconsistencies for adverse credibility determination; noting that agency is not required to accept even plausible explanations if alternative conclusion is also reasonable). Further, Petitioner's contentions that the IJ abused her discretion in weighing the equities, and that he established a well-founded fear of persecution based on his membership in a particular social group, are unavailing. See Kondakova v. Ashcroft, 383 F.3d 792, 798 (8th Cir. 2004) (concluding petitioner must provide credible, specific evidence that reasonable person in petitioner's position would fear persecution if returned, and finding petitioner's claims of future persecution were inconsistent with, among other things, country conditions reports and family's ability to live there for years without incident).

Petitioner's withholding claim relied on the same discredited evidence as his claim for asylum; thus, it also failed. See Nadeem, 599 F.3d at 873. Although an

adverse credibility determination is not necessarily determinative of a CAT claim, an IJ may consider an applicant's discounted credibility when determining whether he will be subject to torture, and we conclude that the credible evidence was insufficient to show that Petitioner was more likely than not to suffer torture. <u>See</u> <u>id.</u> at 873–74. The petition is denied. <u>See</u> 8th Cir. R. 47B.

———————————————