# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3201
_____

Zoila Deras Garcia

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: November 15, 2019
Filed: April 1, 2020
_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.
_____

KELLY, Circuit Judge.

El Salvadoran citizen Zoila Deras Garcia petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from the decision of an immigration judge (IJ), which denied asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Because we conclude that the BIA's order is supported by substantial evidence, we deny the petition.

Garcia entered the United States without inspection on or about April 30, 2016. After she was placed in removal proceedings, Garcia conceded removability and sought asylum, withholding of removal, and relief under CAT. She alleged that she was entitled to relief because she was a member of the particular social group, "El Salvadoran women who are unable to leave a domestic relationship," based on her relationship with Carlos Alberto Alvarenga.

Garcia gave inconsistent testimony about her relationship with Alvarenga, including conflicting details about the length of their relationship, the frequency of his abuse, and what she did after she left him. At the hearing, she testified variously that she first began a relationship with Alvarenga in 2004 and 2013. Garcia also previously informed an asylum officer that Alvarenga raped her only one time and that it occurred on December 25, 2015. Yet at the hearing, she initially denied the assault occurred on that date and instead testified that he raped her on another date: September 7, 2015, which she remembers as the first day after she moved to her grandmother's house following her grandmother's death. But she also testified that her grandmother died on January 8, 2016. When the IJ attempted to clarify, Garcia changed her testimony again and stated that there was only one rape, on December 25, 2015.

Further, according to her border patrol statement, Garcia moved to San Salvador after she left Alvarenga and stayed with her uncle until she entered the United States. At the hearing, however, she stated she moved to Chalatenango and stayed in a hotel by herself for a week before entering the United States. Garcia also testified that she last saw Alvarenga in September 2015, but then contradicted herself by stating that Alvarenga found her while she was staying in Chalatenango, which would have been sometime in early 2016. Garcia was the sole witness at her immigration hearing before the IJ and provided no corroborative evidence.

Based on Garcia's many inconsistent and contradictory statements, the totality of circumstances, and the lack of corroborating evidence, the IJ found Garcia not credible. Because of the "adverse credibility determination, a lack of corroborating evidence, and the weight of all other evidence," the IJ determined that Garcia failed to demonstrate she suffered past persecution or that she has a well-founded fear of future persecution. The IJ denied Garcia's asylum application, withholding of removal request, and claim for relief under CAT. The BIA affirmed, and this petition followed.

## II.

We review administrative findings of fact, including credibility determinations, under the substantial-evidence standard. Singh v. Gonzales, 495 F. 3d 553, 556 (8th Cir. 2007). Under the substantial-evidence standard, we will affirm findings of fact unless "any reasonable adjudicator would be compelled to conclude to the contrary." Id. (citing 8 U.S.C. § 1252(b)(4)(B)). An IJ who sees the witness while testifying is in the best position to make credibility findings. R.K.N. v. Holder, 701 F.3d 535, 538 (8th Cir. 2012). An IJ may base a credibility determination on, among other things, the demeanor, candor, or responsiveness of the applicant or witness; the inherent plausibility of the applicant's account; and the consistency between the applicant's statements and the internal consistency of such statement, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim. See 8 U.S.C. § 1158(b)(1)(B)(iii) (credibility standard for asylum claim); 8 U.S.C. § 1231(b)(3)(C) (same for withholding of removal); Chakhov v. Lynch, 837 F.3d 843, 846 (8th Cir. 2016). When the BIA has adopted and affirmed the IJ's adverse credibility findings, we defer to those findings if they are "supported by specific, cogent reasons for disbelief." R.K.N., 701 F.3d at 538 (cleaned up).

Garcia argues the agency erred in its adverse credibility determination. Although she addresses the inconsistencies about when she started her relationship

-3-

with Alvarenga and the duration of the relationship, she does not address the myriad of other inconsistent and contradictory statements. Details about how many times she was abused, when and where she was abused, and whether she could successfully leave Alvarenga are all material to determining whether she is a member of a particular social group, suffered from past persecution, or has a reasonable fear of future persecution. Her failure to explain these inconsistent and contradictory facts would not compel a reasonable adjudicator to conclude she is credible. Because we find that the agency's adverse credibility findings are supported by specific, cogent reasons for disbelief, we deny the petition for review.

_____