# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-3494

_____

Mamadou Bella Balde,

*Petitioner*

v.

William P. Barr, United States Attorney General,

*Respondent*

_____

Appeal from the Board of Immigration Appeals

_____

Submitted: October 22, 2020
Filed: November 17, 2020
[Unpublished]

_____

Before BENTON, SHEPHERD and KELLY, Circuit Judges.

_____

PER CURIAM.

An Immigration Judge denied asylum, withholding of removal, relief under the Convention Against Torture, and humanitarian asylum to Mamadou Bella Balde. The IJ found his testimony not credible due to several factual inconsistencies. The Board of Immigration Appeals affirmed the IJ's "detailed and reasoned" determination, dismissing the appeal. Having jurisdiction under 8 U.S.C. § 1252(a)(1), this court denies the petition for review.

"We review administrative findings of fact, including credibility determinations, under the substantial-evidence standard." *Garcia v. Barr*, 954 F.3d 1095, 1097 (8th Cir. 2020). "Under the substantial-evidence standard, we will affirm findings of fact unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.*, *citing* 8 U.S.C. § 1252(b)(4)(B).

> "An IJ may base a credibility determination on, among other things, the demeanor, candor, or responsiveness of the applicant or witness; the inherent plausibility of the applicant's account; and the consistency between the applicant's statements and the internal consistency of such statement, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."

*Id.* at 1098, *citing* 8 U.S.C.§§ 1158 (b)(1)(B)(iii), 1231(b)(3)(C). "When the BIA has adopted and affirmed the IJ's adverse credibility findings, we defer to those findings if they are supported by specific, cogent reasons for disbelief." *Id.* (quotation omitted).

The IJ found Balde not credible because he offered four contradictory identity documents to show his birthdate, testified inconsistently about his educational history, testified implausibly about his travel to the United States, tried to gain a visa using a different birthdate, and changed his testimony about abuse he suffered and his sexual identity. The BIA found no clear error. *See Ali v. Holder*, 686 F.3d 534, 538 (8th Cir. 2012) (affirming IJ's adverse credibility determination based on questionable identity documents and inability to establish birthdate).

Balde offers rationalizations for each point but cannot show any reasonable adjudicator would be compelled to find him credible. On appeal, Balde reiterates the issues presented to the BIA. Although his rationalizations could be believed, he does not present evidence compelling a reasonable adjudicator to believe him.

The BIA did not rule on Balde's substantive case for asylum, withholding of removal, CAT relief, or humanitarian asylum. Because the BIA found the IJ's credibility determination dispositive, this court cannot review these issues, instead considering only whether the BIA erred in upholding the credibility determination. *See Ortega-Marroquin v. Holder*, 640 F.3d 814, 820 (8th Cir. 2011), *quoting SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.").

\* \* \* \* \* \* \*

The petition for review is denied.

_____