# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1462
_____

Sudmy Trinidad-Alvarado,

*Petitioner*

v.

William P. Barr, United States Attorney General,

*Respondent*
_____

Appeal from the Board of Immigration Appeals
_____

Submitted: November 19, 2020
Filed: December 7, 2020
[Unpublished]
_____

Before BENTON, ERICKSON and GRASZ, Circuit Judges.
_____

PER CURIAM.

An Immigration Judge denied asylum, withholding of removal, and relief under the Convention Against Torture to Sudmy Yanath Trinidad-Alvarado. The Board of Immigration Appeals affirmed the IJ, dismissing the appeal. Having jurisdiction under 8 U.S.C. § 1252(b)(4), this court denies the petition for review.

"We review administrative findings of fact, including credibility determinations, under the substantial-evidence standard." *Garcia v. Barr*, 954 F.3d 1095, 1097 (8th Cir. 2020). "Under the substantial-evidence standard, we will affirm findings of fact unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.*, *citing* 8 U.S.C. § 1252(b)(4)(B). "We will uphold the denial of asylum and withholding of removal if the decision is supported by substantial evidence in the record." *Prieto-Pineda v. Barr*, 960 F.3d 516, 519 (8th Cir. 2020). "Only the BIA order is subject to our review, including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA." *Njong v. Whitaker*, 911 F.3d 919, 922 (8th Cir. 2018).

Trinidad-Alvarado argues she is eligible for asylum, withholding of removal, or CAT relief because members of M-18 Gang killed her father and may target her. Trinidad-Alvarado's father died in 2010 while working security at a market in Guatemala. Two M-18 members were arrested. She did not return to the market for six years. When she did return, two M-18 members followed her and called out for her to "stop." She ran to a bus, called in a police report, left town, but did not follow up on the report. She had no further contact with members of M-18 and left Guatemala a month later. She fears M-18 will target her because they killed her father.

"Asylum may be granted, in relevant part, upon a showing of a well-founded fear of persecution on account of . . . membership in a particular social group, or political opinion, in the alien's country of origin." *Prieto-Pineda*, 960 F.3d at 520 (quotation omitted). "[I]n order to meet the requirements for persecution, the harm must be inflicted either by the government of a country or by persons or an organization that the government was unable or unwilling to control." *Id.* This court has previously rejected asylum claims founded on speculative links between M-18 and family members. *Id.*

*Prieto-Pineda* controls this case. On appeal, Trinidad-Alvarado does not attack the IJ's finding on past persecution, only the BIA's standard of review.

- 2 -

Trinidad-Alvarado argues the BIA erred by failing to review the IJ's past persecution conclusion de novo. While the BIA's order is not a model of clarity, there is no basis to conclude the BIA did not apply de novo review to the past persecution conclusion of the IJ. *See generally Lemus-Arita v. Sessions*, 854 F.3d 476, 480-81 (8th Cir. 2017) (rejecting an argument the BIA applied the clear error standard even though a "strained interpretation" might indicate otherwise).

Thus, to qualify for asylum she must prove her fear of persecution is well-founded and connected to her membership in a particular social group. The IJ found her fear too speculative and disconnected from a cognizable social group. Trinidad-Alvarado's claim that M-18 members told her to "stop" does not establish M-18 targeted her because of her family. *Malonga v. Holder*, 621 F.3d 757, 765 (8th Cir. 2010) ("[E]vidence of isolated violence does not compel a finding of persecution."). The IJ did not err in rejecting Trinidad-Alvarado's claim.

"[A] petitioner must show more than government difficulty controlling private behavior to meet the 'unwilling or unable' standard." *Prieto-Pineda*, 960 F.3d at 521. "[E]vidence that the police have difficulty controlling gangs . . . generally . . . does not demonstrate the government is unwilling or unable to protect [an applicant]." *Id.* "A government's ability to control the persecutors is a question of fact, and we must uphold the agency's finding regarding this question of fact 'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Galloso v. Barr*, 954 F.3d 1189, 1192 (8th Cir. 2020), *citing* 8 U.S.C. § 1252(b)(4).

Trinidad-Alvarado could not show the government was unwilling or unable to control M-18. Although Guatemala may partially fail to control M-18, Trinidad-Alvarado must show the government acquiesced in M-18's persecution of her family to qualify for asylum. *See Galloso*, 954 F.3d at 1193. No facts in the record support that claim.

A noncitizen is entitled to CAT relief if they establish "it is more likely than not that he or she would be tortured if removed to the proposed country of removal."

8 C.F.R. § 1208.16(c)(2). "When a petitioner's asylum and withholding claims are denied, a separate CAT analysis is required only where the applicant presents evidence that he may be tortured for reasons unrelated to his claims for asylum and withholding of removal." *Prieto-Pineda*, 960 F.3d at 522 (quotation omitted).

Trinidad-Alvarado did not show it was more likely than not that she would be tortured. Trinidad-Alvarado's claim that M-18 *may* recognize and target her does not establish she is more likely than not to be killed if she returns to Guatemala. That inference is too speculative. The IJ properly denied Trinidad-Alvarado CAT relief.

\* \* \* \* \* \* \*

The petition for review is denied.

_____