# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-3847
_____

Wendkouni Wilfried Arnold Zongo

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: May 11, 2023
Filed: June 16, 2023
_____

Before SMITH, Chief Judge, COLLOTON and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.

Wendkouni Wilfried Arnold Zongo petitions for review of the Board of Immigration Appeals' denial of asylum, withholding of removal, and Convention Against Torture protections. Having jurisdiction under 8 U.S.C. § 1252(a), this court denies the petition.

I.

Wendkouni Wilfried Arnold Zongo, a native of Côte d'Ivoire and citizen of Burkina Faso, was admitted to the United States in 2016 with an F-1 student visa. Zongo soon withdrew from the university, terminating his student visa. He sought asylum, withholding of removal, and CAT relief based on his fears of harm from his political opinions and affiliation with the Congress for Democracy and Progress. Three years later, he updated his affidavit with two additional bases for fear of future persecution: his Christian faith and Fulani ethnicity.

The Immigration Judge identified unexplained inconsistencies between the updated affidavit and the original affidavit. The IJ found that the updated affidavit was not filed within the one-year filing deadline. Based on an adverse credibility finding and insufficient corroborating evidence, the IJ denied Zongo's applications for asylum, withholding of removal, and CAT protections. The IJ stipulated Côte d'Ivoire as an alternate country for removal. The Board of Immigration Appeals affirmed the IJ's denials of each application. The BIA noted that Zongo did not—and thus waived the right to—challenge the IJ's finding that the one-year bar to asylum barred his late-filed religion and particular social group claims.

Zongo appeals, alleging (1) the BIA abused its discretion by affirming the adverse credibility determination and (2) the adverse credibility determination is not dispositive of applications for CAT protection. "This court reviews the BIA's decision as the final agency action, but to the extent the BIA adopts the findings of the IJ, this court reviews those findings as part of the final agency action." **R.K.N. v. Holder**, 701 F.3d 535, 537 (8th Cir. 2012). This court reviews credibility determinations "for substantial evidence, and it is a rare case where an adverse credibility determination is disturbed on appeal." **Gonzales v. Garland**, 29 F.4th 989, 995 (8th Cir. 2022). "To reverse under the substantial evidence standard, the evidence must be so compelling that no reasonable fact-finder could fail to find for [the applicant]." **Nadeem v. Holder**, 599 F.3d 869, 872 (8th Cir. 2010).

II.

Zongo argues that the BIA abused its discretion by finding no clear error in the IJ's adverse credibility determination.

> Adverse credibility determinations must be supported by specific, cogent reasons for disbelief. Under this standard, an immigration judge must provide reasons that are specific enough for a reviewing court to understand the rationale behind the decision and convincing enough that a reasonable adjudicator would not be compelled to reach a contrary result.

*Id.* (citations omitted).

> An IJ may base a credibility determination on, among other things, the demeanor, candor, or responsiveness of the applicant or witness; the inherent plausibility of the applicant's account; and the consistency between the applicant's statements and the internal consistency of such statement, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim.

*Garcia v. Barr*, 954 F.3d 1095, 1098 (8th Cir. 2020), *citing* **8 U.S.C. § 1158(b)(1(B)(iii)** (credibility standard for asylum claim) *and* **8 U.S.C. § 1231(b)(3)(C)** (same for withholding of removal). "The IJ is in the best position to make credibility findings because she sees the witness as the testimony is given." *Gonzales*, 29 F.4th at 995.

Zongo submitted two affidavits: the first, two-pages long, in 2017; and the second, 30-pages long, in 2020. The 2020 affidavit presented new information, bases for fearing persecution, and unexplained inconsistencies:

- Zongo's testimony and the 2020 affidavit suggest he was detained four times (once for about five weeks), *versus* his 2017 affidavit that refers to a non-specific number of detentions for only "several days" at a time;

- his testimony and the 2020 affidavit say that he was detained at a military camp, *versus* his 2017 affidavit that only mentions encounters with police; and

- his testimony and the 2020 affidavit emphasize his role in the 2014 Burkina Faso insurrection (allegedly causing a two-week hospitalization), *versus* his 2017 affidavit that did not mention the insurrection.

As the BIA noted: "[T]he Immigration Judge discussed numerous specific inconsistencies and omissions, which [Zongo] does not specifically refute on appeal and which the Immigration Judge found were inadequately explained." *See* ***Chen v. Mukasey***, 510 F.3d 797, 803 (8th Cir. 2007) ("omission of fact central to claim can be basis for adverse credibility finding"), *citing* ***Cao v. Gonzales***, 442 F.3d 657, 661 (8th Cir. 2006); ***Kegeh v. Sessions***, 865 F.3d 990, 996 (8th Cir. 2017) ("Even ancillary inconsistencies in a petitioner's testimony support adverse credibility findings. And the cumulative effect of multiple inconsistencies, even if not directly material to the petition, can support a reasonable fact finder's adverse credibility determination." (cleaned up)); ***Garcia***, 954 F.3d at 1098 ("When the BIA has adopted and affirmed the IJ's adverse credibility findings, we defer to those findings if they are supported by specific, cogent reasons for disbelief." (cleaned up)). Because his testimony was not credible—and corroborative evidence did not independently satisfy his burden of proof—Zongo cannot establish eligibility for asylum or withholding of removal.

Zongo argues that he did explain some inconsistencies. For example, he tried to explain one inconsistency by saying that there are "several days" in the 35 days of a five-week period. But "even where the applicant provides a plausible explanation for any inconsistencies, it does not mean the IJ committed error in rejecting them." ***Arevalo-Cortez v. Lynch***, 829 F.3d 1022, 1026 (8th Cir. 2016). *See* ***Nadeem***, 599 F.3d at 873 ("even where an applicant's explanations are plausible, an agency is not required to accept the explanations if an alternative conclusion is also reasonable"), *citing* ***Rafiyev v. Mukasey***, 536 F.3d 853, 857 (8th Cir. 2008).

Because the IJ identified specific, cogent reasons to disbelieve Zongo's testimony, sufficient evidence supports the IJ's adverse credibility determination. The BIA did not err in affirming the IJ's denial of asylum or withholding of removal.[1]

## III.

"To qualify for relief under CAT, a noncitizen must show 'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Gonzales*, 29 F.4th at 996, *quoting* **8 C.F.R. § 1208.16(c)(2)**. "The first element of a CAT claim, the likelihood determination, is a factual inquiry." *Id.* This court reviews a "likelihood-of-torture determination for substantial evidence." *Id.*, *citing* ***Ademo v. Lynch***, 795 F.3d 823, 831 (8th Cir. 2015).

Zongo argues that the IJ's adverse credibility determination for his asylum and withholding-of-removal applications should not foreclose his application for CAT protections. *Compare* ***Sivakaran v. Ashcroft***, 368 F.3d 1028, 1029 (8th Cir. 2004) ("We note that the IJ's adverse credibility determination and adverse decisions on asylum and withholding of removal are not determinative of the CAT claim."), *with* ***Fofana v. Holder***, 704 F.3d 554, 558 (8th Cir. 2013) (affirming denial of CAT relief where applicant's "CAT protection claim was based on the same discredited testimony" as the asylum and withholding of removal claims).

---

[1]In his brief to this court, Zongo emphasizes his (untimely) asylum claims of future persecution based on his Fulani ethnicity and Christian faith. But these asylum claims, as the BIA ruled, "are deemed waived" because they were not challenged on appeal before the BIA. *See* ***Malonga v. Mukasey***, 546 F.3d 546, 550 (8th Cir. 2008) ("An applicant for asylum must demonstrate by clear-and-convincing evidence that the applicant filed the application within one year of the applicant's arrival . . . ."), *citing* **8 U.S.C. § 1158(a)(2)(B)**; ***Frango v. Gonzales***, 437 F.3d 726, 728 (8th Cir. 2006) ("Section 1252(d)(1) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 requires a petitioner, as a condition to judicial review, to have 'exhausted all administrative remedies available to the alien as of right.'"), *quoting* **8 U.S.C. § 1252(d)(1)**.

Because Zongo did not raise these arguments before the BIA, they are unexhausted, and this court lacks jurisdiction to consider them. *See* **Kanagu v. Holder**, 781 F.3d 912, 917 (8th Cir. 2015) ("[W]e lack jurisdiction to consider arguments not clearly made before the agency."). Under 8 U.S.C. § 1252(d)(1), this court has "jurisdiction to review final orders of removal only if 'the alien has exhausted all administrative remedies available to the alien as of right.'" **Agha v. Holder**, 743 F.3d 609, 616 (8th Cir. 2014), *quoting* **8 U.S.C. § 1252(d)(1)**. "Thus, as a matter of statutory law, [Zongo] may appeal only issues he exhausted at the administrative level." **Id.**

> Moreover, regardless of whether § 1252(d)(1) precludes us from addressing unexhausted issues, a court-imposed exhaustion requirement is appropriate here. "Where the parties are expected to develop the issues in an adversarial administrative proceeding, . . . the rationale for requiring issue exhaustion is at its greatest." Here, the administrative proceedings before both the Immigration Court and the BIA were adversarial, and [petitioner] was represented by counsel. Thus, a court-imposed exhaustion requirement is proper, in addition to the statutory requirement.

**Id.** (cleaned up), *quoting* **Sims v. Apfel**, 530 U.S. 103, 110 (2000).

On appeal before the BIA, Zongo did not raise any of the CAT-protection arguments he presents in his brief to this court. This court lacks jurisdiction to consider these arguments.[2]

---

[2]Even if Zongo had properly exhausted these arguments before the BIA, it is unlikely that he could overcome the BIA's conclusion that there is "no error of law or clear error of fact in the Immigration Judge's determination that the respondent has not shown that it is more likely than not he would be tortured upon returning to Burkina Faso by or with the acquiescence or willful blindness of a public official." Moreover, Zongo did not—and has waived the right to—challenge the alternative destination for removal of Côte d'Ivoire. *See* **Rosales-Reyes v. Garland**, 7 F.4th 755, 761 (8th Cir. 2021) ("Finally, where it is possible for a petitioner to relocate upon removal to avoid torture, CAT relief is inappropriate.").

\* \* \* \* \* \* \*

The petition for review is denied.

_____