# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 24-1595

———————————————

Yesica Liseth Viana-De Aleman

*Petitioner*

v.

Pamela Bondi, Attorney General of the United States

*Respondent*

—————————

Petition for Review of an Order of the
Board of Immigration Appeals

—————————

Submitted: April 18, 2025
Filed: May 1, 2025
[Unpublished]

—————————

Before ERICKSON, ARNOLD, and STRAS, Circuit Judges.

—————————

PER CURIAM.

After Yesica Liseth Viana-De Aleman left her native El Salvador and entered the United States, the Department of Homeland Security alleged that she was removable as an alien present in the country without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Viana-De Aleman conceded that she was removable but sought asylum and withholding of removal because she feared that a gang in her

native country would persecute her if she returned, as, she alleged, it had done before. An immigration judge denied her request for several reasons, including Viana-De Aleman's failure to show, as required for both asylum and withholding of removal, *see Edionseri v. Sessions*, 860 F.3d 1101, 1104–05 (8th Cir. 2017), that the harms she had suffered in the past or feared she would suffer in the future were inflicted by the government or by private actors that the government is unable or unwilling to control.

When Viana-De Aleman appealed the immigration judge's decision to the Board of Immigration Appeals, she did not dispute the finding that she hadn't shown the government or those the government couldn't or wouldn't control had persecuted her. The BIA observed that Viana-De Aleman did not contest this issue, and it dismissed her appeal for this and several other reasons. Viana-De Aleman now petitions our court to review the BIA's decision.

In her petition for review, Viana-De Aleman briefly challenges the immigration judge's relevant finding, arguing that "if the government or police was able to control the actors in this case, then the repeated harm would not be present." But by failing to raise this contention to the BIA, Viana-De Aleman has not exhausted the matter, and so we decline to consider it. *See Zongo v. Garland*, 71 F.4th 656, 659–60 & n.1 (8th Cir. 2023). And she never asserts that the BIA erred in deeming the matter uncontested. Because we decline to review this "determinative issue," Viana-De Aleman's request for asylum and withholding of removal necessarily fails, and we need not address the various other contentions that she raises. *See Coreas-Chavez v. Garland*, 52 F.4th 413, 416 (8th Cir. 2022).

Petition dismissed.

_____