# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-2247

———————————————

Lesy Vasquez de Leon

*Petitioner*

v.

Pamela Bondi,[1] Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: September 15, 2025
Filed: November 18, 2025
[Unpublished]

——————————

Before BENTON, GRASZ, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Lesy Vasquez de Leon, a native and citizen of Guatemala, was caught near the border entering the United States illegally in 2016. She applied for asylum and withholding of removal. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1),

———————————————

[1]Attorney General Bondi is automatically substituted for her predecessor under Federal Rule of Appellate Procedure 43(c)(2).

1231(b)(3)(A). At her hearing, she testified that before coming to the United States she lived with her aunt and her aunt's boyfriend, Juan. She said her aunt physically abused her, Juan either physically or sexually abused her, and Guatemalan police wouldn't do anything to help her. She also claimed Juan was affiliated with a gang that threatened to kill her if she reported Juan's abuse. The Immigration Judge (IJ) denied relief, finding that Vasquez de Leon's testimony was not credible and noting that she failed to present corroborating evidence although her mother, father, and sister lived in the United States and could have testified. The BIA dismissed the appeal.

Substantial evidence supports the adverse credibility determination.[2] See Garcia v. Barr, 954 F.3d 1095, 1097 (8th Cir. 2020) (standard of review). Vasquez de Leon's testimony was inconsistent with her asylum interview: Juan's last name, his role in the gang, when he moved in with her aunt, and when Vasquez de Leon reported him to Guatemalan police all varied between tellings. She also told the asylum officer that two gang members affiliated with Mara 18 threatened her on May 15, 2016. But at the hearing, she testified she'd already left Guatemala on May 8 or 9 and she was threatened by three gang members, from an unknown group, on May 5.

Vasquez de Leon argues that these inconsistencies were too minor to support an adverse credibility determination. We disagree. "[E]ven ancillary inconsistencies in a petitioner's testimony support adverse credibility findings." Kegeh v. Sessions, 865 F.3d 990, 996 (8th Cir. 2017) (citation omitted). The IJ was entitled to consider the totality of the circumstances, including the "cumulative effect" of Vasquez de Leon's inconsistencies, id. (citation omitted), regardless of whether they went "to the heart of [her] claim," 8 U.S.C. § 1158(b)(1)(B)(iii). Together, they provide "specific, cogent reasons for disbelief." See Gonzales v. Garland, 29 F.4th 989, 995 (8th Cir. 2022). Because Vasquez de Leon's own

[2]Because the BIA adopted the IJ's findings, we review them as part of the final agency action. See Padilla-Franco v. Garland, 999 F.3d 604, 606 (8th Cir. 2021).

-2-

testimony was unreliable and she failed to provide corroborating evidence she had reasonable access to, her claims fail. See Ali v. Holder, 776 F.3d 522, 526 (8th Cir. 2015) ("The combination of an adverse credibility finding and a lack of corroborating evidence for the claim of persecution means that the applicant's claim fails, 'regardless of the reason for the alleged persecution.'" (citation omitted)); see also § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates [even] otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.").[3]

We deny the petition.

_____

---

[3]Vasquez de Leon briefly argues that the BIA also erred when it did not address whether her proposed social groups were cognizable. It did not need to. The adverse credibility determination and the lack of supporting evidence were dispositive. See Salat v. Garland, 32 F.4th 684, 689 (8th Cir. 2022).