# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 24-2457

———————————————————

Roxana Elizabeth Quijano-Duran; Valeria Nicole Moreno Quijano

*Petitioner*s

v.

Pamela Bondi

*Respondent*

————————

Petition for Review of an Order of the
Board of Immigration Appeals

————————

Submitted: October 20, 2025
Filed: April 2, 2026

————————

Before COLLOTON, Chief Judge, LOKEN and BENTON, Circuit Judges.

————————

LOKEN, Circuit Judge.

Petitioners Roxana Quijano-Duran ("Quijano") and her minor daughter V.M., natives and citizens of El Salvador, entered the United States in August 2017 without valid entry documents. After a credible fear interview in early September, the Department of Homeland Security issued a Notice to Appear charging petitioners as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Quijano conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against

Torture (CAT). After a hearing at which Quijano testified, the immigration judge denied her claims and ordered petitioners removed to El Salvador. The Board of Immigration Appeals dismissed Quijano's appeal because she "did not demonstrate she suffered past persecution or has a well-founded fear of future persecution."

Quijano petitions for review of this final agency order, arguing the BIA erred "in not reviewing" her claim that the IJ violated her due process rights by "prejudging" her hearing testimony. She further argues that, while her appeal was pending, the Secretary of Homeland Security, exercising authority recognized in United States v. Texas, 599 U.S. 670 (2023), issued a memorandum setting out criteria for prioritizing the arrest and removal of noncitizens, and petitioners may not be removed because they are not an enforcement priority applying those criteria.

We agree with the BIA that Quijano waived her due process argument based on IJ bias, as it was asserted without argument or evidence, and we agree with the government that we lack jurisdiction to consider the Department of Homeland Security's exercise of its removal discretion. We deny the petition for review.

## I. Background and Procedural History

In the credible fear interview, in her Form I-589 Application for Asylum and for Withholding of Removal, and in her hearing testimony, Quijano argued that she is eligible for asylum because members of the Mara 18 gang, a widespread criminal enterprise in El Salvador that makes money by extorting working citizens, attempted to extort her and her family on five occasions between 2015 and 2017 by threatening to harm or kidnap her and other members of the family if they did not meet the gang's demands. Her family only partially complied with the gang's demands, did not report the gang to the police, and no member of her family was physically harmed by the gang. Nonetheless, Quijano and her children unlawfully entered the United States without attempting to relocate in El Salvador, paying a "coyote" $12,000 for his

assistance. Her brother and three sisters remained in El Salvador and have not been threatened or harmed by the gang.

In applying for asylum and withholding of removal, Quijano contended that the gang's threats of violence and kidnapping were past persecution on account of her membership in two "particular social groups" -- "Salvadoran women" and "family relationship." See 8 U.S.C. § 1101(a)(42)(A). She claims a well-founded fear of future persecution if she and her children return to El Salvador because the gang members who extorted them would seek them out and kill them if they return, there is nowhere in El Salvador to which they could safely relocate because the gang has influence everywhere, and the government of El Salvador is unable or unwilling to protect them.

In 2023, the IJ denied petitioners' application for asylum, withholding of removal, and relief under the CAT. First, the IJ found Quijano had not presented a credible claim because she, as petitioners' sole witness, was not credible. Her testimony was inconsistent on material fact questions, both internally and with other evidence in the record. Second, even if the court found Quijano testified credibly, the IJ found her claim failed on the merits for independently sufficient reasons: the threats against her family did not rise to the level of past persecution; the gang targeted her family for money rather than because of her membership in a particular social group; her proposed social groups were not cognizable; she could relocate within El Salvador to avoid the feared harm; and she had not shown the Salvadoran government would be unwilling to protect her.

Quijano appealed the decision to the BIA, disputing each of the IJ's adverse findings and arguing she was denied due process because the IJ prejudged her hearing testimony, evidencing unconstitutional judicial bias. The BIA dismissed the asylum claims on the merits after noting that Quijano waived the bias argument. The BIA Appellate Immigration Judge's decision stated in a footnote:

In the Notice of Appeal, [Quijano] alleged that the Immigration Judge exhibited bias and did not act as a neutral arbiter. However, she has not elaborated on these general statements and provided no example or detail to support them. Because [Quijano] has not meaningfully pursued this issue, we deem it waived.

In the petition for review, Quijano challenges the BIA's waiver ruling and argues she is not an enforcement priority. She does not argue her claims were wrongly denied on the merits.[1]

## II. Discussion

"We review the BIA's decision, as it is the final agency action, but to the extent that the BIA adopted the findings or reasoning of the IJ, we also review the IJ's decision as part of the final agency action." Yusuf v. Garland, No. 22-1124, 2022 WL 17883810, at *1 (8th Cir. Dec. 23, 2022). "We review the BIA's legal determinations *de novo* and employ the deferential 'substantial evidence' standard when reviewing the BIA's factual determinations." Rosales-Reyes v. Garland, 7 F.4th 755, 759 (8th Cir. 2021). "To qualify for asylum, the burden is on the applicant to establish that he or she is a refugee as defined in the statute." Davila-Mejia v. Mukasey, 531 F.3d 624, 627 (8th Cir. 2008), citing 8 C.F.R. § 1208.13(a).

1. Quijano first argues the BIA erred "in not reviewing" her claim that the IJ violated her due process rights by "prejudging" her hearing testimony. The government argues there was no error because the BIA properly applied its waiver rule in rejecting this contention.

---

[1]The BIA noted that an applicant who fails to demonstrate eligibility for asylum cannot meet the more stringent standard for withholding of removal and that Quijano did not meaningfully challenge the IJ's denial of CAT relief, thereby waiving that issue. Quijano's brief on appeal does not address these issues.

The Attorney General's immigration regulations under the Immigration and Nationality Act establish within the Department of Justice an Executive Office for Immigration Review (EOIR), 8 C.F.R. § 1003.0, and a Board of Immigration Appeals with the authority "to prescribe procedures governing proceedings before it" with the approval of the EOIR Director, 8 C.F.R. § 1003.1(d)(4). Acting under this authority, the BIA has developed its own waiver rule.

It is now well-established, in this circuit and others, that "[w]here the agency properly applies its own waiver rule . . . we will not permit an end run around those discretionary agency procedures by addressing the argument for the first time in a petition for judicial review." Pinos-Gonzalez v. Mukasey, 519 F.3d 436, 440 (8th Cir. 2008) (citation omitted). Quijano does not argue otherwise. Instead, she argues the BIA misapplied its waiver rule in this case because she adequately raised her due process argument -- her appeal to the BIA specifically pointed to pages in the hearing transcript where the IJ, early in her testimony, stated that her testimony was not believable, thereby showing bias by prejudging her testimony before ultimately finding that she was not credible and denying petitioners' application for asylum.

We conclude the BIA properly applied its own waiver rule in finding the bias due process argument waived because Quijano raised it inadequately in her notice of appeal and then abandoned it in her brief to the BIA. Quijano had the burden to clearly and specifically inform the BIA of the bases for her assertions of error. See Matter of O-R-E-, 28 I. & N. Dec. 330, 336 n.5 (BIA 2021) (deeming an argument waived that had been mentioned but not developed). Instead, she made conclusory allegations, which were not sufficient to preserve the issue for BIA review. As the BIA explained this waiver rule in Matter of Valencia:

> The regulations provide for summary dismissal of an appeal where the party concerned fails to specify the reasons for the appeal. . . . It is essential to the Board's adjudication of an appeal that the reasons given

on the Notice of Appeal be as detailed as possible so that the alleged error can be identified and addressed. Without a specific statement, the Board can only guess at how the alien disagrees with the immigration judge's decision. . . . Depending on the complexity of the issues raised, a brief may be essential to an adequate presentation of the appeal. In all cases, however, the reasons for an appeal must be meaningfully identified on the Notice of Appeal.

19 I. & N. Dec. 354, 355 (BIA 1986); see Amaya v. Garland, 15 F.4th 976, 986 (9th Cir. 2021) ("Neither [Amaya's] notice of appeal nor his attachment thereto made a clear, non-conclusory argument in support of his claim," so the BIA did not ignore a clearly-identified due process argument.); Yusuf, 2022 WL 17883810, at *3.

Here, the relevant section of Quijano's notice of appeal to the BIA stated in full that the IJ:

exhibited bias in his handling of my case. The IJ was advocating for the DHS' behalf instead of serving as a neutral body. The IJ expressed that he did not believe my testimony shortly after the hearing started. I felt I was prejudiced in the proceedings.

These statements are conclusory. They did not explain why an IJ's expression of doubt as to the veracity of a witness who has made contradictory statements indicated unfair bias. An IJ is tasked with determining whether an applicant for asylum has presented a credible claim. "Even ancillary inconsistencies in a petitioner's testimony support adverse credibility findings." Zongo v. Garland, 71 F.4th 656, 659 (8th Cir. 2023) (quotation omitted). Nor did the brief address whether the IJ had access to the credible fear interview transcript and Quijano's earlier declarations before the hearing started. The determination whether an applicant for asylum has presented a credible claim is based on the entire record of the removal proceedings, not just the applicant's hearing testimony. Nor did these statements explain how petitioners were prejudiced

by the alleged bias.  Prejudice is a necessary element of a procedural due process claim.  Briones-Sanchez v. Heinauer, 319 F.3d 324, 327 (8th Cir. 2003).

In addition to the deficiencies in the notice of appeal, Quijano abandoned the due process argument in her counseled appeal brief to the BIA.  The argument is not mentioned at all, including in the statement of issues.  The sole sentence that aligns with Quijano's current due process claim -- "The IJ showed bias and prejudged [the case by] stating that 'I'm beginning to not believe anything you're telling me'" -- was part of a separate argument not raised in this petition for review -- that the IJ's credibility determination was clearly erroneous.  Therefore, the BIA did not err in determining that Quijano had not preserved her due process argument.  See Abebe v. Mukasey, 554 F.3d 1203, 1207-08 (9th Cir. 2009) (BIA not required to consider issues raised in notice of appeal but not argued in BIA brief).

2. Quijano additionally challenges the executive branch's decision to remove her when she is not an enforcement priority.  We agree with the government that we lack jurisdiction to resolve this claim because the Department of Homeland Security's decision to remove is an exercise of its prosecutorial discretion, which includes the decision to initiate proceedings and to execute a final order of removal.  8 U.S.C. § 1252(g); S-Cheng v. Ashcroft, 380 F.3d 320, 324 (8th Cir. 2004).  The claim is therefore dismissed.

For the foregoing reasons, we deny the petition for review.

_____