# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1298

_____

Glendy Amelida Lopez De Leon De Hernandez; A.I.H.L.

*Petitioner*s

v.

Todd Blanche,[1] Acting Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 16, 2026
Filed: May 12, 2026
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM

Guatemalan citizens Glendy Amelida Lopez De Leon De Hernandez and her minor child, A.I.H.L., petition for review of an order from the Board of Immigration

_____

[1]Todd Blanche was designated as Acting Attorney General of the United States and is substituted as Respondent pursuant Federal Rule of Appellate Procedure 43(c).

Appeals ("BIA") dismissing their appeal of the Immigration Judge's ("IJ's") denial of De Hernandez's application for asylum, withholding of removal, and protection under the Convention Against Torture. Because substantial evidence supports the IJ's adverse credibility determination, we deny the petition.

On March 5, 2018, De Hernandez and A.I.H.L. entered the United States and were paroled into the country. After removal proceedings were initiated against them, De Hernandez filed the underlying application.[2] De Hernandez stated that her husband was physically abusive, forced her to have sexual relations with him, and threatened to kill her if she ever reported him to the police. In support of her application, De Hernandez filed affidavits from her brother, Edin Isaac Lopez De Leon, and two of her friends, Maria Antonieta Gomez Gomez and Liria Izabel Santos Cardona. De Leon and Cardona recounted an incident in 2016 where unknown men stole money from a bakery De Hernandez purportedly owned and attempted to extort more money from her by leaving three dead animals in front of the bakery.

On February 11, 2022, the IJ held a merits hearing on De Hernandez's application. Shortly before the hearing, De Hernandez filed a personal affidavit detailing the abuse she suffered at the hands of her husband. She also described abuse inflicted upon her by her parents starting at age 6 and sexual abuse she suffered around the ages of 12 to 17 from men who worked at her parents' bakery. During the hearing De Hernandez testified and further elaborated on the abuse she suffered from her husband, parents, and the men who worked at the bakery as well as her attempts to leave her husband.

Although the IJ believed De Hernandez "experienced some forms of violence and threats in Guatemala," she specifically found De Hernandez did not testify credibly in support of her application. The IJ cited omissions and inconsistencies

---

[2]A.I.H.L. was named as a derivative beneficiary of De Hernandez's asylum claim. The "derivative" asylum statute permits a "spouse or child" of an applicant who qualifies for asylum to derive asylum through that applicant. 8 U.S.C. § 1158(b)(3)(A).

between her testimony and the documentary evidence. The IJ also questioned the reliability of the affidavits filed by De Hernandez's brother and friends because they all bore the same date, were from the same attorney, and contained similar language. Without credible testimony supporting her application, the IJ determined De Hernandez had failed to meet her burden of proof. Alternatively, the IJ found that even if De Hernandez had testified credibly, she failed to articulate a cognizable social group and could not establish an objectively reasonable fear of future persecution. The BIA found no clear error in the IJ's adverse credibility determination and dismissed De Hernandez's appeal.

De Hernandez argues the adverse credibility determination was clearly erroneous. We review credibility determinations for substantial evidence. Coto-Albarenga v. Garland, 4 F.4th 628, 631 (8th Cir. 2021). Under the substantial evidence standard, this Court only reverses if "any reasonable adjudicator would be compelled to conclude to the contrary." Id. (quotation omitted). Consequently, "it is a rare case where an adverse credibility determination is disturbed on appeal." Tian v. Barr, 932 F.3d 664, 668 (8th Cir. 2019). Still, the IJ must provide "specific, cogent reasons for disbelief" and "cannot rely on trivial details or easily explained discrepancies." Id. (quotation omitted). The IJ's reasons for disbelief must be "specific enough for a reviewing court to understand the rationale behind the decision and convincing enough that a reasonable adjudicator would not be compelled to reach a contrary result." Gonzalez v. Garland, 29 F.4th 989, 995 (8th Cir. 2022) (quotation omitted).

Here, the IJ provided specific, cogent reasons for her adverse credibility determination. First, De Hernandez was inconsistent regarding her attempts to leave her husband, which was material to her asylum claim. See Garcia v. Barr, 954 F.3d 1095, 1098 (8th Cir. 2020) (citing inconsistencies in "whether [petitioner] could successfully leave" her husband as supporting an adverse credibility determination). Despite not mentioning any attempts to leave her husband in her I-589 application or affidavit, De Hernandez indicated she made multiple attempts to leave her husband by stating she "first" tried to leave him in 2015 and whenever she tried to

leave him "he would always come get [her] and threaten [her] that [she] had to get back home." But in her testimony De Hernandez claimed she only left her husband once in 2015 for three days. Second, her affidavit and I-589 application only mentioned filing a police report with Guatemalan authorities in February of 2018, but she testified that she had filed an earlier complaint with the police in 2013, which she could not corroborate. Third, De Leon's and Cardona's affidavits provided a graphic account of attempted extortion of a bakery De Hernandez owned, but De Hernandez testified that her parents owned the bakery, not her, and she never mentioned any attempted extortion. See Litvinov v. Holder, 605 F.3d 548, 555–556 (8th Cir. 2010) (affirming adverse credibility determination where the applicant's testimony "did not match the . . . testimony of other witnesses").

Finally, the IJ described De Hernandez's demeanor as "flippant" when confronted with omissions in her I-589 application and affidavit. See 8 U.S.C. § 1158(b)(1)(B)(iii) (allowing an IJ to "base a credibility determination on the demeanor . . . of the applicant"). This left the IJ concerned that De Hernandez was "exaggerating or embellishing her testimony" at the hearing. Ultimately, the IJ found there were just too many omissions and inconsistencies between De Hernandez's testimony and the documentary evidence to make a favorable credibility determination. Substantial evidence in the record supports that determination.

For these reasons, we deny the petition for review.

_____